UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALIE BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>        Defendants. | Case No. 1:18-CR-00258-BLW-BLW<br><br>**ORDER REGARDING THE FILTER PROCESS** |

**BACKGROUND**

The Court will begin with a brief background of the events leading up to the present dispute. While investigating Defendants, the government seized emails from Pavel Babichenko's Google email account, Midstarllc@gmail.com. (Warrant, ECF 2, 1:18-mj-10168-CWD (D. Idaho July 27, 2018)). During a later review of those emails, a member of the prosecution team encountered potentially privileged materials. Thereafter, the prosecution team notified defense counsel that it had encountered the potentially privileged material. In that communication, the prosecution team also informed defense

**ORDER REGARDING THE FILTER PROCESS - 1**

counsel that it would set up a "filter team" headed by AUSA Sean Mazorol to review the documents for any additional potentially privileged materials. According to the prosecution, the filter process included walling Mr. Mazorol off from all members of the prosecution team assigned to this case.

Defense counsel objected to the prosecution's proposed procedure—arguing it was insufficient to protect their clients' privileged communications. (*See* Defendants' Motion to Protect Privileged Information, Dkt. 185.) Upon review, however, the Court found that the proposed filter process would sufficiently protect Defendants' interests. (Order of April 5, 2019, Dkt. 199.) In doing so, the Court recognized that, although a government-led filter process is not universally applied by the courts, there is ample precedent for the procedure.[1] *Id.* at 4.

In its April 5, 2019 order, the Court designated Mr. Mazorol as filter counsel. *Id.* at 3. The Court also ordered the following regarding the filter process:

(1) Mr. Mazorol is to consult with defense counsel regarding the potentially privileged documents and work jointly to develop a list of search terms to run across the dataset with the aim of identifying and isolating privileged materials;

(2) Mr. Mazorol is to maintain custody of the original documents until privilege issues are resolved to ensure for their preservation and to maintain the chain of custody;

---

[1] *Citing United States of America v. Swenson*, No. 1:13-cr-00091-BLW (D. Idaho Dec. 9, 2013), ECF No. 186; *In re Search of 5444 Westheimer Rd. Suite 1570, Houston, Texas, on May 4, 2006*, Misc. Action No. H-06-238, 2006 WL 1881370 (S.D. Tex. July 6, 2006); and *United States v. Grant*, No. 04 CR 207BSJ, 2004 WL 1171258 (S.D.N.Y. May 25, 2004).

**ORDER REGARDING THE FILTER PROCESS - 2**

(3) Mr. Mazorol (and any other attorneys or paralegals assigned to the filter team) have permission to examine the potentially privileged information but must prevent the prosecution from accessing the information;

(4) Mr. Mazorol may, however, consult with the prosecution to ensure the filter team has sufficient knowledge about the facts and circumstances of the case to make an informed analysis regarding any privilege, but may not disclose to the prosecution any information regarding the documents in question;

(5) Mr. Mazorol and the defense team are to work together to determine whether a document is privileged; if a question of privilege cannot be determined through this process, the document(s) must be presented to the Court for *in camera* review and final resolution; and

(6) Mr. Mazorol will not disclose or turn over any documents to the prosecution until a conclusive decision has been reached as to whether the documents are privileged.

After the Court issued its order, Mr. Mazorol and Assistant United States Attorney Mike Mitchell,[2] contacted defense counsel to schedule a conference call, which took place on May 29, 2019. On May 31, 2019, the filter team sent a list of proposed search terms to defense counsel, requesting feedback. Defense counsel did not supply feedback. After receiving no response, the filter team followed up with another request for feedback

---

[2] Mr. Mitchell has also been assigned to work as a filter agent in this matter.

**ORDER REGARDING THE FILTER PROCESS - 3**

on June 21, 2019. Subsequently, counsel for Pavel Babichenko responded to the filter team's requests by providing some additional search terms.

On July 18, 2019, the Court held a Telephonic Status Conference with both the prosecution and the defense counsel. During that conference, defense counsel reiterated its ongoing objection to the government-led filter team process and the resultant delay it had produced in the discovery process. The prosecution responded by citing to defense counsel's delayed response in supplying search terms to the filter team. In so responding, the prosecution showed it had communications with the filter team independent of any defense counsel—to which defense counsel strongly objected. The defense asserted also that, without access to the email account or any description of the potentially privileged communication, they were unable to meaningfully supplement the filter team's proposed search term list.

As a result of this portion of the conference, the Court ordered the prosecution team to file a memorandum detailing all of its communications with the filter team agents. The contents of that memorandum and the defense's response, are detailed immediately below.

### 1.    Prosecution's Memorandum on the Filter Process

The prosecution's memorandum denies any inappropriate communication between the prosecution and the filter team agents. (Dkt. 285 at 4.) The memorandum provides that, on July 16, 2019, USAO Kate Horwitz contacted the filter team to obtain an update regarding the timing and progress of the filter process in preparation for the July 18, 2019 status conference with the Court. *Id.* The prosecution asserts the request was purely

**ORDER REGARDING THE FILTER PROCESS - 4**

administrative. *Id.* To support its position, the prosecution provided to the Court for its *in camera* review, all communications it has had with filter team agents. Notably, the prosecution waived an asserted privilege to the communications only to allow for *in-camera* review by the Court. (*See* Dkt. 285 at 5 n. 2.)

The prosecution also attached two communications to the memorandum filed in the docket. The first is an email of March 6, 2019 from the prosecution team to defense counsel. (Exhibit 1, Dkt. 258-1.) The email provides defense counsel with notice of the prosecution's intent to implement the filter team process. *Id.* The second is an email of March 7, 2019, wherein the prosecution provided further detail regarding the filter process to defense counsel. (Exhibit 2, Dkt. 285-2.)  That email was written in response to an email from defense counsel requesting specific information, including a copy of the filter team procedure and a copy of the potentially privileged email or document that triggered the procedure.[3] *Id.*

The prosecution asserts that, going forward, it anticipates future communication with filter counsel to obtain updates on the progress of the filter review, and to determine "the extent that defense counsel is working with filter counsel." (Dkt. 285 at 5.) The prosecution argues that such information will help to ensure the filter process moves

---

[3] During the July 18, 2019 Telephonic Status Conference with the Court, the prosecution explained that it can not provide the exact document that triggered the filter team process. The agent who discovered the potentially privileged communication immediately suspended his review of the email account. Because all of the documents, including the document in question, were walled off from the prosecution team and turned over to the filter team for its review, the prosecution cannot now provide the document.

**ORDER REGARDING THE FILTER PROCESS - 5**

forward "at an appropriate pace." *Id.* The prosecution also asserts that this type of communication comports with the Court's order of April 5, 2019. *Id.*

### 2.      Defense's Memorandum on the Filter Process

On July 25, 2019, the defense filed its response to the prosecution's memorandum.[4] (Dkt. 268.) Therein, defense counsel details concerns about "1) the nature of the communications between the prosecution and the filter team; and 2) the procedures the filter team has put in place to ensure that privileged information is not inappropriately disclosed to the prosecutors on this case." *Id.* at 3. Defense counsel expresses a concern that the prosecution is monitoring and overseeing the filter process, and has thereby threatened "the tenuous confidentiality and impartiality of the filter team." *Id.* at 9. Provided this, defense counsel also renews its objection to the government-led filter process. *Id.*

The defense asserts also that information contained in the prosecution's memorandum provides further reason for concern about the neutrality of the process. Specifically, the defense asserts that the prosecution lacks a basis to assert privilege over its communications with the filter team. (Dkt. 268 at 10.) The defense requests the Court order the prosecution team to provide copies of all communications about the potentially privileged documents and the filter team from September 14, 2018 – the date the agent first discovered potentially privileged communications – through to the current date. *Id.*

---

[4] The response was technically filed by Anna Iyerusalimets. (Dkt. 268 at 2.) However, it details the collective concerns shared by defense counsel about the filter process.

**ORDER REGARDING THE FILTER PROCESS - 6**

To this end, the defense requests that the Court order any future communications between the prosecution team and the filter team to include defense counsel. *Id.* Additionally, the defense reiterates that communications between defense counsel and the filter team should not be disclosed to the prosecution—either in content or regarding the fact of their occurrence. *Id.* at 10-11. Defense counsel asserts that independent communications between the prosecution and filter team chill communication between the defense and filter team and risk disclosure of privileged information. *Id.* at 11. Finally, the defense asks the Court to order the government to disclose its "best practices" for the filter process. *Id.* at 12.

## ANALYSIS

The Court has carefully reviewed the parties' memoranda and exhibits. The Court has also performed a thorough review of the communications between the prosecution team and the filter team provided for *in camera* review. The Court finds as follows.

First, the Court finds that communication between the prosecution and the filter team thus far has been administrative in nature and falls within the permitted scope of the Court's April 2019 order. Because the Court has not been provided with briefing on the assertion of privilege over these communications, and because it conclusively finds they were administrative in nature, it will not order the prosecution to disclose the communications to the defense.

However, the Court also agrees with defense counsel that such communications may have the effect of chilling open and active communication between defense counsel and the filter team agents. For this reason, the Court will require that a designated

**ORDER REGARDING THE FILTER PROCESS - 7**

member of the defense team be included in all communications between members of the prosecution and the filter team from the date of this Order forward.

The Court will also order the filter team to provide regular updates to all attorney members of the prosecution and defense teams. These emails must also copy the law clerk assigned to this matter, Anne Henderson, to keep the Court apprised of the progress of the filter process. These updates must not include information about the number of, occurrence of, or nature of communications between defense counsel and the filter team as they work together to identify any privileged documents within the email account.

To provide a structure for these reports and to enhance the transparency of the filter process, the Court will require the filter team to produce a report that details the filter process.[5] The report must specifically detail the steps the filter team took, upon its initiation, to secure the documents, the steps the filter team took or will take to identify and assign filter agents to review the materials, and any other steps or details that are pertinent to the issues of preserving the confidentiality of the materials and ensuring for impartiality in the process.

## **ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)   Mr. Mazorol must provide a summary of the standardized filter process to defense counsel, the prosecution, and the Court on or before August 23, 2019.

---

[5] This Order does not require the filter team to disclose any specific work-product document of the USAO, but does require the filter team to create a document that can be used as a reference in its regular status updates as to where the filter team is in its process of review.

**ORDER REGARDING THE FILTER PROCESS - 8**

2)      Mr. Mazorol, as the designated filter counsel, must provide status updates consistent with the Court's guidance above to defense counsel, the prosecution, and the Court via email every three weeks, commencing on August 23, 2019.

3)      Any communication between the prosecution and the filter team agents must include at least one representative from the defense team.

4)      Any communication between the prosecution, the filter team, and defense counsel, must be expressly limited to administrative topics.

DATED: August 12, 2019

B. Lynn Winmill
U.S. District Court Judge

**ORDER REGARDING THE FILTER PROCESS - 9**