LAWRENCE G. WASDEN
IDAHO ATTORNEY GENERAL

ANDREW J. SNOOK
State General Counsel & Fair Hearings Division

PHIL N SKINNER, ISB NO. 8527
ELISA S. MAGNUSON, ISB NO. 8085
Deputy Attorneys General
State of Idaho
P. O. Box 36
Boise, ID  83722-0410
Telephone: (208) 334-7530
Facsimile: (208) 334-7844
Email:  phil.skinner@tax.idaho.gov
        elisa.magnuson@tax.idaho.gov

Attorneys for the Idaho State Tax Commission

# UNITED STATES DISTRICT COURT
### for the
# DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 1:18-CR-00258-BLW |
| vs. | ) MEMORANDUM IN SUPPORT OF |
| PAVEL BABICHENKO, et al., | ) MOTION TO QUASH SUBPOENAS |
| Defendants. | ) |

The Idaho State Tax Commission submits this memorandum in support of its Motion to Quash Subpoenas.

## BACKGROUND

On March 8, 2022, the Idaho State Tax Commission (Tax Commission) received three subpoenas served on its Boise office. A copy of the subpoenas in question are attached to this Memorandum as "Exhibit A."

MEMORANDUM IN SUPPORT OF MOTION TO QUASH - Page 1 of 8

The Subpoenas were issued by the clerk of the court on behalf of Defendant Mikhail Iyerusalimets, through his attorney Ellen Smith. The subpoenas direct the Tax Commission to produce or permit inspection and copying of "Any and/or all documentation and/or data (electronic or otherwise) including, but not limited to letters, notices, documents, tax returns, tax schedules, W-2s, K-ls, or any other such schedules, along with emails, electronic data, notes, and the like that relate in any way to state and/or federal tax returns filed with or in the possession of the Idaho State Tax Commission" for the following entities:

- **Artur (Art) Pupko**
- **Pure Cell**
- **CELL2U4LESS**
- **Alpha Cell**
- **Anchor Cell**
- **Rebekah Kravtsova**
- **Rebkeah Bukhanstov**
- **Western Trade LLC**
- **Trade Western**
- **Vadim Dmitruk**
- **Pure Mobility**
- **5 Star Distributors**
- **Bananatech**

Exhibit "A" at 1, 4 and 7. As explained below, under Idaho law, the Tax Commission cannot merely disclose the requested information based upon the Subpoenas, as the information is confidential tax information and is protected from disclosure.

## ARGUMENT

Idaho law prohibits the Tax Commission from disclosing the information sought by the subpoena. Tax records are private and confidential. The subpoenas should be quashed.

Although very lengthy, the Tax Commission reproduces here the pertinent parts of Idaho Code § 63-3076 ("Penalty for divulging information") that provide the consequences for improper disclosure of tax records, because this section is vital to the resolution of this case:

MEMORANDUM IN SUPPORT OF MOTION TO QUASH - Page 2 of 8

>  (1) No state tax commissioner, deputy, or any clerk, agent, contractor or employee, or any centralized state computer facility employee or any person formerly employed in any such position *shall knowingly divulge or make known to any person in any manner any tax return or tax information* whatsoever obtained directly or indirectly by him in the discharge of his duties, *except as provided by statute, court order* or rules of the state tax commission promulgated under this section or section 63-3077, Idaho Code.
>
>  …..
>
>  (3)   A copy of all or any portion of a federal return, or information reflected on such federal return, which may be attached to an Idaho return, or otherwise come into the possession of any commissioner, deputy, clerk, agent, contractor or employee, or any employee of a centralized state computer facility, shall not be *disclosed* in any manner whatsoever other than as authorized by this section.
>
>  (4)  Any officer, agent, clerk, contractor or employee who knowingly violates any of the provisions of this section shall be guilty of a felony and, upon conviction thereof, be punished by a fine of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000), or by imprisonment for not more than five (5) years. Such officer, agent, clerk, contractor or employee upon such conviction shall also forfeit his office, employment or contract and shall be incapable of holding any public office in this state for a period of two (2) years thereafter. Nothing in this subsection shall limit the state tax commission's ability to take disciplinary actions authorized in chapter 53, title 67, Idaho Code.

Idaho Code § 63-3076 (emphasis added).[1]

The above law guarantees the privacy of tax records provided to the Tax Commission. It bars any employee or agent of the Tax Commission from disclosing any information derived directly or indirectly from that person's duties on behalf of the Tax Commission. Idaho Code § 63-3076. The information sought by the subpoenas— "Any and/or all documentation and/or data…that relate in any way to state and/or federal tax returns"—is precisely the type of information protected from disclosure by Idaho Code § 63-3076. Any Tax Commission employee who complied with the

---

[1] *See also* Idaho Tax Commission Administration & Enforcement Rule 702.01 (IDAPA 35.02.01.702.01) (generally, the Tax Commission "may not disclose returns or return information about a taxpayer to any person other than that taxpayer or an authorized representative of the taxpayer except as provided by statute or rule").

MEMORANDUM IN SUPPORT OF MOTION TO QUASH - Page 3 of 8

subpoenas would be in violation of Idaho Code § 63-3076 and would face fines, possible imprisonment, and termination of employment with the Tax Commission.

1. **The plain language of the statute prohibits disclosing the requested tax information to Plaintiff.**

Throughout Idaho Code §§ 63-3076 and -3077, there are several exceptions to the general prohibition against disclosing or making known "any tax return or tax information" "to any person" and "in any manner." *Id*. In particular, Idaho Code § 63-3076(1) allows for such a disclosure as provided by a court order. The subpoenas here, however, are not a court order but instead are generic subpoenas issued by the court clerk and is thus not included in the list of enumerated exceptions.

Moreover, the Legislature highlighted the importance it puts in maintaining the confidentiality of tax returns and tax information by the penalties associated with violating this provision. The Legislature was not satisfied with administrative agency disciplinary action for improper disclosure. Rather, the Legislature also added that any violation of this tax disclosure law is a felony, with monetary fines and possible imprisonment. Idaho Code § 63-3076(4). These specific penalties show that the Legislature is serious about the confidentiality of tax returns and tax information.

2. **Keeping tax records confidential protects individual privacy interests.**

This law, Idaho Code § 63-3076, serves two important public interests. First, this code section protects the privacy interests of persons who are required by law to disclose personal information relating to their finances:

> The policy considerations underlying these secrecy provisions are not of recent origin, nor difficult to comprehend. Our deep concern for individual privacy and for protection from self incriminatory demands has long made us sensitive to the substantial and difficult constitutional questions (posed by obligatory reports

> which) touch upon intimate areas of an individual's personal affairs (and which) can reveal much about a person's activities, associations, and beliefs.
>
> * * * * *
>
> Specifically, both in New York and elsewhere, it has come to be recognized that tax reports, in which private parties may reveal to the government many aspects of their personal affairs, warrant such protection.

*New York State Dep't of Taxation & Fin. v. New York State Dep't of Law, Statewide Organized Crime Task Force*, 44 N.Y.2d 575, 579, 378 N.E.2d 110, 112-13 (1978) (internal citations and quotations omitted).

In *N.Y. State Dept.*, the court held that the nondisclosure provision of New York's tax act required the state tax authority to refuse to comply with a grand jury subpoena duces tecum. In that case, the statute at issue prohibited the taxing agency from disclosing information contained in tax returns, except in according with a judicial order. *Id.*, 44 N.Y.2d at 578. This is consistent with the language in Idaho Code § 63-3076 which prohibits the Tax Commission from divulging or making known to any person in any manner any tax return or tax information whatsoever absent court order. A subpoena issued by an attorney or clerk in the ordinary course of business (and apparently without scrutiny) is not the equivalent of a judicial order.

    **3. A confidential tax reporting system encourages full disclosure by taxpayers.**

The second objective of ensuring strict confidentiality of tax records is to encourage full and accurate disclosure by persons subject to reporting requirements.

> Clearly, the Legislature, in whom resides the power to levy taxes under our scheme of government . . ., has reached a calculated conclusion that, if the information provided by taxpayers is held in the strictest confidence, the temptation to withhold information and, consequently, tax payments, will be warded off. Thus, it is recognized that a major purpose of statutory provisions prohibiting disclosure is to facilitate tax enforcement by encouraging a taxpayer to make full and truthful declarations in his return, without fear that these statements will be revealed or used against him for other purposes.

*N.Y. State Dep't of Taxation*, 44 N.Y.2d at 580.

This policy interest has been recognized in other jurisdictions. For example, the purpose of Internal Revenue Code § 6103 (an analogous federal provision providing for confidentiality of federal returns and information) is to ensure the integrity of the tax collection system and encourage voluntary compliance while maintaining public trust in tax collection agency. *Rueckert v. I.R.S.*, 775 F.2d 208, 212 (7th Cir. 1985). Said another way, a purpose of the confidentiality privilege is to encourage voluntary filing of tax returns and truthful reporting of income in order to facilitate efficient tax collections. *Weingarten v. Superior Court*, 102 Cal.App.4th 268, 274 (2002). The public trust in the confidentiality of tax records exists because the tax agency's bar against disclosure of returns works to "encourage voluntary filing by assuring the taxpayer that doing so will *not* result in a loss of confidentiality." *Deary v. Superior Court*, 87 Cal. App. 4th 1072, 1081, 105 Cal. Rptr. 2d 132, 138 (2001).

Compliance with the subpoenas in the present case, would breach the wall of confidentiality which the Idaho legislature purposefully erected around information submitted by taxpayers to the Tax Commission. *It would also open the door for other parties to litigation to obtain similar information*. The Tax Commission would be burdened with responding to subpoenas for records and testimony in any case where income, assets, employees, or even a person's address is at issue. Maintaining confidentiality of tax records and tax information avoids unduly burdening the Tax Commission and its limited resources.

Absent the issuance of a "court order" within the meaning and context of Idaho Code § 63-3076 (not merely a document issued by an attorney or clerk), the Tax Commission is strictly prohibited from disclosing the tax information requested by Defendant Iyerusalimets. Therefore, if the court finds that it would be appropriate for the tax returns to be released by the Tax

Commission based on a legitimate need of Plaintiff, or in the interests of justice, as the court deems just and proper, the Tax Commission would comply with such judicial order.

Finally, granting the Motion to Quash the Subpoenas does not prevent Defendant Iyerusalimets from requesting the information he is seeking directly from those persons in which is he requesting the tax information. Those individuals should possess the tax information requested or are in a better position to respond to a subpoena for the requested tax information.

## CONCLUSION

The Tax Commission respectfully requests that the court grant its Motion to Quash the Subpoenas, or in the alternative, to issue a judicial order for the Tax Commission to comply with the subpoenas' request, as the court deems just and proper.

Respectfully submitted this 11th day of March, 2022.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


/s/ Elisa Magnuson
Elisa Magnuson
Deputy Attorney General

## CERTIFICATE OF SERVICE

     I hereby certify that on the 11th day of March, 2022, I filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS** electronically through the Federal ECF filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Copy of Service Filing:

Ellen Smith                                                    ellen@smithhorras.com
Smith Horras, PA
PO Box 140857
Garden City, ID 83714


                                              /s/ Elisa Magnuson
                                              Elisa Magnuson
                                              Deputy Attorney General

# EXHIBIT A

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF IDAHO

United States of America,

    Plaintiff,

        v.

PAVEL BABICHENKO, et. al.,

    Defendants.

Case No. 1:18-cr-00258-BLW

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:

PUBLIC RECORDS CUSTODIAN
Idaho State Tax Commission
11321 W. Chinden Blvd.
BOISE, IDAHO 83714

PUBLIC RECORDS CUSTODIAN
Idaho State Tax Commission
PO Box 36
BOISE, IDAHO 83722
Fax: (208) 334-7690

    **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

    Any and/or all documentation and/or data (electronic or otherwise) including, but not limited to letters, notices, documents, tax returns, tax schedules, W-2s, K-1s, or any other such schedules, along with emails, electronic data, notes, and the like that relate in any way to state and/or federal tax returns filed with or in the possession of the Idaho State Tax Commission that relate to Artur Pupko, D.O.B. ▮▮▮▮▮, and/or any aliases including, but not limited to, Arthur Pupko and Art Pupko. In addition, any companies owned by Mr. Pupko including but not limited to, Pure Cell, CELL2U4LESS, Alpha Cell, and Anchor Cell. The requested records include records from the dates 01/01/2012 through 03/03/2022.

| Place: SMITH HORRAS, P.A.<br>5561 N. Glenwood St.<br>Boise, ID 83714   email: ellen@smithhorras.com | Date and Time: On or before March 21, 2022 at 5:00 pm. If the documents are emailed or otherwise provided to Smith Horras, PA, prior to the date listed, you need not appear in person on the date listed above. |
|---|---|

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

  Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

  *(SEAL)*

Date: 3/3/22

*CLERK OF COURT*

United States Courts
District of Idaho
**ISSUED**
Annie Williams
on Mar 03, 2022 11:31 am

*Sign*      *Clerk*

The name, address, e-mail, and telephone number of the attorney representing MIKHAIL IYERUSALIMETS, who requests this subpoena, is: Ellen Smith, 5561 N. Glenwood St., Boise, ID 83714; ellen@smithhorras.com; (208) 697-5555.

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF IDAHO

United States of America,

    Plaintiff,

    v.

PAVEL BABICHENKO, et. al.,

    Defendants.

Case No. 1:18-cr-00258-BLW

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE**

To:

PUBLIC RECORDS CUSTODIAN
Idaho State Tax Commission
11321 W. Chinden Blvd. PO Box 36
BOISE, IDAHO 83722
Fax: (208) 334-7690

PUBLIC RECORDS CUSTODIAN
Idaho State Tax Commission
PO Box 36
BOISE, IDAHO 83722
Fax: (208) 334-7690

    **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

    Any and/or all documentation and/or data (electronic or otherwise) including, but not limited to letters, notices, documents, tax returns, tax schedules, W-2s, K-1s, or any other such schedules, along with emails, electronic data, notes, and the like that relate in any way to state and/or federal tax returns filed with or in the possession of the Idaho State Tax Commission that relate to Rebekah Bukhantsov, D.O.B. ▮▮▮▮, and/or any aliases, including but not limited to Rebekah Kravtsova and Rebkeah Bukhanstov. In addition, any companies owned by Mrs. Bukhantsov, including but not limited to, Western Trade LLC and Trade Western. The requested records include records from the dates 01/01/2012 through 03/03/2022.

| Place: SMITH HORRAS, P.A.<br>5561 N. Glenwood St.<br>Boise, ID 83714  email: ellen@smithhorras.com | Date and Time: On or before March 21, 2022 at 5:00 pm. If the documents are emailed or otherwise provided to Smith Horras, PA, prior to the date listed, you need not appear in person on the date listed above. |
|---|---|

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

    Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file amotion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

    *(SEAL)*

Date: __3/3/22__

                                            *CLERK OF COURT*

United States Courts
District of Idaho
**ISSUED**
Annie Williams
on Mar 03, 2022 11:30 am

                                  Si                                   *Clerk*

The name, address, e-mail, and telephone number of the attorney representing MIKHAIL IYERUSALIMETS, who requests this subpoena, is: Ellen Smith, 5561 N. Glenwood St., Boise, ID 83714; ellen@smithhorras.com; (208) 697-5555.

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF IDAHO

United States of America,

    Plaintiff,

        v.

PAVEL BABICHENKO, et. al.,

    Defendants.

Case No. 1:18-cr-00258-BLW

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:

PUBLIC RECORDS CUSTODIAN
Idaho State Tax Commission
11321 W. Chinden Blvd. PO Box 36
BOISE, IDAHO 83722
Fax: (208) 334-7690

PUBLIC RECORDS CUSTODIAN
Idaho State Tax Commission
PO Box 36
BOISE, IDAHO 83722
Fax: (208) 334-7690

    **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

    Any and/or all documentation and/or data (electronic or otherwise) including, but not limited to letters, notices, documents, tax returns, tax schedules, W-2s, K-1s, or any other such schedules, along with emails, electronic data, notes, and the like that relate in any way to state and/or federal tax returns filed with or in the possession of the Idaho State Tax Commission that relate to Vadim Dmitruk, D.O.B. ▮▮▮▮, and/or any aliases. In addition, any companies owned by Mr. Dmitruk including, but not limited to, Top Shelf Electronics, Pure Mobility, 5 Star Distributors, and Bananatech. The requested records include records from the dates 01/01/2012 through 03/03/2022.

| Place: SMITH HORRAS, P.A.<br>5561 N. Glenwood St.<br>Boise, ID 83714   email: ellen@smithhorras.com | Date and Time: On or before March 21, 2022 at 5:00 pm. If the documents are emailed or otherwise provided to Smith Horras, PA, prior to the date listed, you need not appear in person on the date listed above. |
|---|---|

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: 3/3/22

CLERK OF COURT

United States Courts
District of Idaho
**ISSUED**
Annie Williams
on Mar 03, 2022 11:29 am

, Clerk

The name, address, e-mail, and telephone number of the attorney representing MIKHAIL IYERUSALIMETS, who requests this subpoena, is: Ellen Smith, 5561 N. Glenwood St., Boise, ID 83714; ellen@smithhorras.com; (208) 697-5555.

---

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).