RAFAEL M. GONZALEZ, JR.
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
JUSTIN WHATCOTT, IDAHO STATE BAR NO. 6444
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES** |

Recognizing that the Court ordinarily waits to admit exhibits until trial, this is not the usual case. Rather, it's a retrial where the parties and the Court are intimately familiar with the pertinent facts and law, the Court has ruled on well over 100 substantive motions and has, in light of the first trial, ordered a time limitation on the Government's presentation of its case-in-chief. Taking seriously the Court's time restrictions, the

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—1

Government seeks herein to streamline its trial presentation through the admission of exhibits that are self-authenticating, relevant to the crimes charged, and otherwise admissible under the Rules of Evidence.[1]  Many were admitted during the first trial and should be admitted pretrial now.

## LEGAL FRAMEWORK

Under appropriate circumstances, the Government is entitled in a criminal case to use a pretrial motion *in limine* to seek a determination that evidence is admissible against a defendant. *See, e.g., United States v. Naidoo*, No. 1:18-cv-141, 2019 WL 7042168, at *1–2 (S.D. Miss. Dec. 20, 2019) (granting the Government's motion *in limine* where the prosecution asked the court to deem admissible certain "trade inscriptions affixed to various electronic devices seized from the defendant's home" as self-authenticating in a child-pornography case).  District courts have broad discretion to make evidentiary rulings to ensure a fair and orderly trial. *See, e.g., S.M. v. J.K.*, 262 F.3d 914, 919 (9th Cir. 2001).  Within this broad discretion, courts may rule on the relevancy of evidence in adjudicating a motion *in limine*. *See, e.g.*, *Self Storage Advisors, LLC v. SE Boise Boat & RV Storage, LLC*, No. 1:18-cv-294, 2021 WL 1238368, at *1 (D. Idaho Apr. 2, 2021).  A motion *in limine* should not, however, be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  Rulings *in limine* are provisional: they "are not binding on the trial judge [who] may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

---

[1]  Contemporaneous with this filing, the Government will provide the Court with an external hard drive containing the exhibits sought to be admitted herein.

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—2

Under Rule 901, the proponent of evidence need only submit strength of proof "sufficient to support a finding" of authenticity. Fed. R. Evid. 901(a). This standard is minimal. 31 Wright & Miller, Federal Practice and Procedure § 7104, at 36 (2000) ("The judge should permit the evidence to go to the jury unless the showing as to authenticity is so weak that *no reasonable juror* could consider the evidence to be what its proponent claims it to be." (emphasis added)). Identification of such evidence may be based on either circumstantial or direct proof; likewise, authentication may be established through several witnesses or even from the item itself. *Id.* at 30 ("In fact, where the matter to be authenticated is real evidence, like a gun or document, the court may look to the face of the very item in question for information bearing on its authenticity."). Because the government will offer such identifying information, the foundational requirements of Rule 901 will be satisfied.

Under Federal Rule of Evidence 902, certain items of evidence are "self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted." These include certified copies of public documents and records (Rule 902(1)–(4)) and certified domestic records of a regularly conducted activity (Rule 902(11)). Public records are certified as correct by either a custodian or another person authorized to make the certification, or by a certificate that complies with Rule 902(1), (2), or (3) (public documents that are either sealed and signed, or certified by an officer, employee, or public officer of the public agency).

Certified domestic records of a regularly conducted activity must meet the requirements in Rule 803(6) (records of a regularly-conducted activity), and the proponent must give reasonable written notice of the intent to offer the record, along with the record

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—3

and certification. Fed. R. Evid. 902(11). Pursuant to these rules, such documents are admitted without the need to call a custodian witness.

## ARGUMENT

To ensure a speedier trial, the Government seeks herein an order from the Court admitting pretrial the following business and public records which are self-authenticating under Rule 902: (1) business records; (2) bank records; (3) U.S. Trademark Certifications; and (4) Customs and Border Protection (CBP) Records. All categories were documents admitted at trial over multiple objections. For efficiency's sake, the Government seeks to have the Defendants' objections to these records—if any—addressed pretrial to prevent wasting trial presentation time.

The Government provided notice of the intent to present certified records pursuant to Rule 902 regarding each of the records listed below. (ECF 776, 779, 805, 882). Each of the records below were admitted at the first trial in this matter. Based on the Government's compliance with Rules 803(6) and 902, this Court should admit these records pre-trial.

## BUSINESS RECORDS

| Exhibit | Description | Previously Admitted at Trial |
|---|---|---|
| 1001 | Idaho Department of Labor Records: Mobile Recycle Global Distributors Cases and More | Trial Tr. Day 19, ECF 1083, at 3302:20 |
| 1003 pgs. 1–9 | Idaho Department of Labor Records: Droid Masterz | Trial Tr. Day 11, ECF 1054, at 1660:9 |
| 1003 pg. 10 | Idaho Department of Labor Records: Wireless Association | —[2] |

---

[2]  A dash indicates the exhibit was not previously admitted.

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—4

| 1004 | David Bibikov Car Purchase Documents | Trial Tr. Day 19, ECF 1083, at 3314:1007 |
|---|---|---|
| 1045 | Idaho Department of Labor Records: Vladimir Shelubay and Mobtech | — |

Each record evidences the Defendants' involvement and associations with businesses, phone numbers, and their employees.  Exhibit 1001 details the employees of Mobile Recycle, Global Distributors, and other businesses run by the Defendants.  Exhibit 1003 contains Idaho Department of Labor records detailing Defendants Mikhail and Anna Iyerusalimets' connection to Droid Masterz, Cell Zone, Easy Mobile, Mobile Rack, Mountain Wireless Distributing, and Western Trade.  During phone calls related to these businesses, Defendant Anna Iyerusalimets recounted that she and her husband operated so many businesses because "Amazon keeps linking the companies and shutting down their accounts."  *See* Ex. 1003, at 2.  These exhibits tie the Defendants to the businesses employed to perpetrate the fraud and trafficking crimes alleged and are admissible under the Federal Rules of Evidence.

Likewise, Exhibit 1045 documents the termination of a business run at the 12554 Bridger Street Warehouse by Vlad Shelubay, who was supplied by his brother-in-law Pavel Babichenko.  *See* Ex. 1045, at 2 ("he is dissolving his corp").  Mr. Shelubay's exit from the business is especially relevant to Defendant Paul Babichenko's knowledge of the counterfeit nature of his products:  In chats with his supplier (Wallace from United Information), Paul Babichenko and his main supplier discuss whether the police will be called to inspect Mr. Shelubay's inventory, whether Apple will sue, and how Paul Babichenko responded to Apple's infringement letters by saying he buys "refurbished" phones.  *See* Ex. 3005.67.  The two even coordinated how to redistribute Mr. Shelubay's inventory and how Paul

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—5

Babichenko will take on Mr. Shelubay's employees—members of the Bukhantsov family who testified at trial. *See* Ex. 3005.38. Accordingly, the records related to Vlad Shelubay's business, Mobtech, are relevant, self-authenticating and should be admitted.

Exhibit 1004 relates to a truck purchased by David Bibikov days before he was indicted on the current charges. In this particular exhibit, Defendant David Bibikov lists his emails (Dodya32@gmail.com and DaveBibi5@gmail.com), phone numbers, addresses, and associations with businesses through his purchase of this truck with Bibs Electronics check. *See* Ex. 1004, at 3 (check from Bibs Electronics), 4 (email and phone numbers), 6 (Xtreme Mobile employer with wages); 8 (DaveBibi5@gmail.com). These contacts connect David Bibikov to chats with coconspirators and businesses that were used to perpetrate the crimes alleged. This exhibit also documents Defendant David Bibikov's signature on the check and documents, which itself has evidentiary significance when compared to further evidence of the fraud, such as the fraudulent Sean Tang letter. *See id.* at 2–3, 7, 9–11. This comparison matters because documents found in the Small Warehouse were discovered with multiple signatures on the back.

## BANK RECORDS

As part of the scheme, the Defendants shared businesses, bank accounts, and Amazon accounts. The following nine exhibits are bank records noticed as admissible under Rules 803(6) and 902(11) demonstrating the Defendants' associations with various businesses.

| Exhibit | Description | Previously Admitted at Trial |
|---|---|---|
| 1025 | Western Trade Check to Rebekah Bukhanstov nee Kravtsova | — |

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—6

| 1027 | Xtreme Mobile Checks and Pavel Babichenko Deposits | — |
|---|---|---|
| 1040 | Simplified Selling Bank Records | — |
| 1041 | Cell Zone Bank Records | — |
| 1042 | Mobile Recycle LLC Bank Records | — |
| 1043 | Celltronix Bank Records | — |
| 1044 | Celltronix Check to Midstar | — |
| 1046 | Bank Record Signatory Documents | — |
| 1047 | Global Distributors Washington Federal Account 4112 | — |

Exhibit 1025 is a series of checks drawn on a Western Trade bank account, one of which is a pay check to Rebekah Bukhantsov—who will testify that she operated the Western Trade account for Anna and Mikhail Iyerusalimets. This same business was one from which agents purchased a counterfeit phone—a transaction that has been charged as Counts 3, 12, and 25. Accordingly, this business record is relevant, self-authenticating, and should be admitted pretrial. Likewise, Exhibits 1040 and 1041 establish Mikhail Iyerusalimets connection to 6700 N. Linder Number 217 (Ex. 1040), Simplified Selling, and transfers to another associated business, Cubic Wireless (Ex. 1041). Exhibit 1042 shows Piotr and Tim Babichenko's joint membership in a bank account for Mobile Recycle at a 3313 W. Cherry Lane Suite 712 address, which is associated with numerous undercover online buys and packages coming out of the Large Warehouse (12586 W. Bridger Street).

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—7

Exhibits 1043 and 1044 are bank account records for one of David Bibikov's businesses, Celltronix, that show Mr. Bibikov was transferring Amazon proceeds to Paul Babichenko as early as 2012, as well as the use of the 200 N. Maple Grove Road address. Exhibit 1047 is the signature card record for a Global Distributors bank account used by Kristina Babichenko.  Again, this exhibit shows Defendant Kristina Babichenko's connection to this particular account, which was used in connection with the conspiracies. Finally, Exhibit 1047 is a collection of bank account signatory pages establishing the Defendants' connections with various bank accounts.

All records are self-authenticating, relevant to the crimes charged, and should be admitted pre-trial to ensure an efficient trial presentation.

### CERTIFICATION MARK AND TRADEMARK CERTIFICATIONS

To prevail on its counterfeiting charges under 18 U.S.C. § 2320(f)(1)(A)(ii), the Government must prove the genuine mark was registered on the principal register in the United States Patent and Trademark Office.  Trademark registrations are self-authenticating under Rule 902(1).  *See Omega S.A. v. Omega Eng'g, Inc.*, 228 F. Supp. 2d 112, 120 n.26 (D. Conn. 2002).  The following certified trademarks and certification mark should therefore be admitted pretrial.

| Exhibit | Description | Previously Admitted at Trial |
|---|---|---|
| 1005 | U.S. Certificate of Trademark: Apple Inc. | Trial Tr. Day 15, ECF 1070, at 2502:9 |
| 1006 | U.S. Certificate of Trademark: HTC | Trial Tr. Day 20, ECF 1089, at 3358:23 |
| 1007 | U.S. Certificate of Trademark: UL LLC | Trial Tr. Day 19, ECF 1083, at 3113:23 |
| 1008 | U.S. Certificate of Trademark: Motorola | Trial Tr. Day 20, ECF 1089, at 3359:16 |

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—8

| 1009 | U.S. Certificate of Trademark: Samsung | Trial Tr. Day 18, ECF 1080, at 2935:8 |
| 1011 | U.S. Certificate of Trademark: Qualcomm | Trial Tr. Day 9, ECF 1041, at 1258:2 |

**CUSTOMS AND BORDER PROTECTION (CBP) RECORDS**

Over the course of a decade, the Defendants and their associates have had 61 international shipments containing 33,243 separate items seized by U.S. Customs and Border Protection (CBP) at various ports across the United States. None of the seizures serve as a basis for the charges here. Rather, the charges in this criminal case all stem from evidence obtained during the criminal investigation through search warrants and undercover purchases online and in person. Regardless, the CBP seizures demonstrates the notice provided to the Defendants that their products were problematic.

During trial, the Court admitted records associated with the CBP seizures as notice to the Defendants that their products were identified by CBP as counterfeit and seized. *See* Trial Tr. Day 9, at 1066:07–:16. At retrial, the Government intends to offer the following 21 exhibits on the same notice theory; as such, these documents would not be testimonial hearsay. *See United States v. McLennan*, 563 F.2d 943, 946–47 (9th Cir. 1977) (affirming admission of the following statement as notice and, therefore, not hearsay: "For [goodness] sake, I told you that was illegal"); *see also United States v. Lane*, No. CR-12-01419-PHX-DGC, 2013 WL 3716601, at *2–3 (D. Ariz. July 13, 2013) (admitting CBP documents as notice to the defendant in a drug prosecution because they were relevant to his knowledge that the chemicals at issue were controlled substances).

In each exhibit, Defendants Paul Babichenko, Piotr Babichenko, Tim Babichenko, and Mikhail Iyerusalimets received letters from CBP identifying certain shipments of goods

inbound to the United States as containing counterfeit products and, therefore, subject to seizure. Some also contain the responses to the seizure notices that CBP received. All are admissible as notice, relevant to the current charges, self-authenticating, and should be admitted pretrial.

| Exhibit | Description | Previously Admitted at Trial |
|---|---|---|
| 1302 | CBP Records: 2013 Seizure of 60 Samsung branded cellphones from Paul Babichenko | — |
| 1303 | CBP Records: 2016 Seizure of Samsung branded batteries, chargers, and headsets from Midstar | — |
| 1304 | CBP Records: 2013 Seizure of Motorola branded cellphones from Midstar | — |
| 1305 | CBP Records: 2018 Seizure of Samsung branded cellphone boxes, chargers, and earphones from Midstar | — |
| 1306 | CBP Records: 2014 Seizure of Motorola branded batteries from Midstar | — |
| 1307 | CBP Records: 2018 Seizure of Samsung branded cellphones from MSL | — |
| 1308 | CBP Records: 2013 Seizure of Apple branded cellphones from Midstar | — |
| 1309 | CBP Records: 2017 Seizure of Samsung branded cellphones from Midstar | — |
| 1310 | CBP Records: 2013 Seizure of Motorola branded cellphones from Midstar | — |
| 1311 | CBP Records: 2014 Seizure of Apple branded cellphones from Midstar | — |
| 1312 | CBP Records: 2014 Seizure of Apple branded cellphones from Mobi Recycle | — |
| 1313 | CBP Records: 2015 Seizure of Apple branded cords from Mobi Recycle | — |

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—10

| | | |
|---|---|---|
| 1314 | CBP Records: 2013 Seizure of Apple branded packaging from Peter Babichenko | — |
| 1315 | CBP Records: 2014 Seizure of Apple branded cellphones from Mobi Recycle | — |
| 1316 | CBP Records: 2015 Seizure of Apple branded cellphones from Mobi Recycle | — |
| 1317 | CBP Records: 2017 Seizure of Samsung branded batteries from Global Distributing | — |
| 1318 | CBP Records: Seizure of Apple Black Plates | — |
| 1319 | CBP Records: 2017 Seizure of Samsung branded packaging from Mikhail Iyerusalimets | — |
| 1320 | CBP Records: 2017 Seizure of Apple branded cellphones from Mikhail Iyerusalimets | — |
| 1321 | CBP Records: 2017 Seizure of Apple branded cellphones from Mikhail Iyerusalimets | — |
| 1322 | CBP Records: 2014 Seizure of Apple branded cellphone from Vladimir Shelubay | — |
| 1323 | CBP Records: 2014 Seizure of Apple and Samsung branded cellphones from Ivan Kalin | — |

These documents are self-authenticating under Rules 902(2) and (4). Additionally, these documents are exempt from the general prohibition against hearsay as records of a public office. Fed. R. Evid. 803(8). A "record or statement of public office" qualifies under this exception if:

(A)  It sets out:

  (i)  The office's activities;

  (ii) A matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—11

     (iii) In a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

  (B) The opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8)(A). Subsection ii does not prohibit all public records of "a matter observed by law-enforcement personnel." Instead the distinction lies between law enforcement reports prepared in a routine, non-adversarial setting, and those resulting from the arguably more subjective endeavor of investigating a crime and evaluating the results of that investigation. *See United States v. Cerda-Ramirez*, 730 F. App'x 449, 453 (9th Cir. 2018) (per curiam). The former is admissible, the latter is not. *See United States v. Fryberg*, 854 F.3d 1126, 1132 (9th Cir. 2017); *see also United States v. Noria*, 945 F.3d 847, 852–53 (5th Cir. 2019) (admitting form collecting information obtained from individual suspected of being unlawful alien in the United States).

  Here, the records created by CBP were made pursuant to the legal duties imposed under the Anti Cybersquatting Consumer Protection Act and required of the agency, not for the purpose of establishing or proving a fact at trial. 19 U.S.C. § 1526(e); 19 C.F.R. § 133.21; *see Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009). When, as here, records are prepared for administrative purposes, the Ninth Circuit has held that such records are admissible under Rule 803(8) and not hearsay. *United States v. Torralba-Mendia*, 784 F.3d 652, 664–65 (9th Cir. 2015). Accordingly, the CBP records fall within the public-records exception to hearsay as routine records documenting the duties of the agency. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1164 (9th Cir. 2010) (recognizing records "created for the administration of an entity's affairs and not for the purpose of establishing or proving

some fact at trial" were non-testimonial for purposes of the Confrontation Clause[3] (internal quotation marks and citation omitted)).

This conclusion is supported by case law in an even more specific way as well: the Ninth Circuit has concluded that CBP records fall within the public-records exception to hearsay under Rule 803(8) as non-adversarial public records, and the Fourth and Fifth Circuits agree. *See United States v. Orozco*, 590 F.2d 789, 794 (9th Cir. 1979); *see also United States v. Cabrera–Beltran*, 660 F.3d 742, 753 (4th Cir. 2011); *United States v. Puente*, 826 F.2d 1415, 1417–18 (5th Cir. 1987); *United States v. Orozco*, 590 F.2d 789, 794 (9th Cir. 1979).

Simply, the Court has already determined that CBP records are relevant and admissible. *See, e.g.*, Order, ECF 935, at 16–19. In keeping with this holding, the exhibits offered herein should be admitted pretrial.

## CONCLUSION

The Government seeks pretrial rulings admitting the above-described 39 exhibits. All are relevant and admissible under the Federal Rules of Evidence. Pretrial admission of these exhibits will assist in a speedy trial presentation, which serves the Court's latest pretrial order establishing time constraints. Pretrial admission of these exhibits also perfectly aligns with Rule 102's purpose: eliminating unjustified expense and delay while ensuring a just determination. Accordingly, the Court should admit the following Government's Exhibits:

- Business Records (Exs. 1001, 1003, 1004, 1045);

---

[3] The analysis of whether a document is a public record within the meaning of Rule 803(8) overlaps with the analysis of whether it is non-testimonial under the Confrontation Clause. *See United States v. Feliz*, 467 F.3d 227, 237 (2d Cir. 2006) (concluding that "[b]ecause autopsy reports are public records under Fed. R. Evid. 803(8), they are nontestimonial" for Confrontation Clause purposes).

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—13

- Bank Records (Exs. 1025, 1027, 1040–44, 1046, 1047);

- U.S. Trademark Certifications (Exs. 1005–1009, 1011); and

- CBP Records (Exs. 1302–1321).

Respectfully submitted this 28th day of March, 2022.

RAFAEL M. GONZALEZ, JR.
UNITED STATES ATTORNEY
By:

*/s/ Katherine L. Horwitz*
KATHERINE L. HORWITZ
Assistant United States Attorney

*/s/ Christian Nafzger*
CHRISTIAN NAFZGER
Assistant United States Attorney

*/s/ Justin Whatcott*
JUSTIN WHATCOTT
Assistant United States Attorney

*/s/ Joshua D. Hurwit*
JOSHUA D. HURWIT
Assistant United States Attorney

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 28, 2022, the foregoing Motion to Admit Self-Authenticating Business Records was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF filing:

> JOHN DEFRANCO
> 1031 E. Park Blvd.
> Boise, ID 83712
> jcd@greyhawklaw.com
> *Attorney for Pavel Babichenko*
>
> PAUL E. RIGGINS
> 380 South 4th Street, Ste. 104
> Boise, ID 83702
> rigginslaw@gmail.com
> *Attorney for Piotr Babichenko*
>
> ROB S. LEWIS
> 913 W. River Street, Ste. 430
> Boise, ID 83702
> office@roblewislaw.com
> *Attorney for Timofey Babichenko*
>
> GREG S. SILVEY
> P.O. Box 5501
> Boise, ID 83705
> greg@idahoappeals.com
> *Attorney for Kristina Babichenko*
>
> ROBYN A. FYFFE
> P.O. Box 5681
> Boise, ID 83705
> robyn@fyffelaw.com
> *Attorney for David Bibikov*

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—15

| |
|---|
| MELISSA WINBERG<br>702 W. Idaho Street, Ste. 1000<br>Boise, ID 83702<br>Melissa_Winberg@fd.org<br>*Attorney for Anna Iyerusalimets* |
| ELLEN NICHOLE SMITH<br>P.O. Box 140857<br>Garden City, ID 83714<br>ellen@smithhorras.com<br>*Attorney for Mikhail Iyerusalimets* |

    /s/ *Katherine Horwitz*
Assistant United States Attorney

GOVERNMENT'S MOTION TO ADMIT RECORDS IN THE 1,000 SERIES—16