John C. DeFranco
Idaho State Bar No. 4953
Ellsworth, Kallas & DeFranco, PLLC
1031 E. Park Blvd., Boise, ID 83712
(208) 336-1843
jcd@greyhawklaw.com

Barry L. Flegenheimer
Washington State Bar No. 11024
Bell Flegenheimer
119 First Avenue South, Suite 500, Seattle, WA 98104
(206) 621-8777
barrylfp@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMENTS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>        Defendants. | CASE NO. CR-18-00258-BLW<br><br>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS** |

**Defendants' Proposed Jury Instructions**

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Federal Rule of Criminal Procedure 30, the Defendants[1] respectfully submit their proposed jury instructions.  The Defendants request leave to supplement these proposed jury instructions if

---

[1] These instructions are filed on behalf of Pavel Babichenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets (collectively the "Defendants").

needed. Unless otherwise indicated, these instructions are taken from the Ninth Circuit's Manual of Model Criminal Jury Instructions, 2022 Edition.

**Preliminary Instructions:**

1.      Model Instruction 1.1:  Duty of Jury[2]
2.      Model Instruction 1.2:  The Charge—Presumption of Innocence
3.      Model Instruction 1.3:  What Is Evidence
4.      Model Instruction 1.4: What Is Not Evidence
5.      Model Instruction 1.5:  Direct and Circumstantial Evidence
6.      Model Instruction 1.6:  Ruling on Objections[3]
7.      Model Instruction 1.7:  Credibility of Witnesses
8.      Model Instruction 1.8:  Conduct of The Jury[4]
9.      Model Instruction 1.9:  No Transcript Available to Jury
10.     Model Instruction 1.10:  Taking Notes
11.     Model Instruction 1.11:  Outline of Trial
12.     Model Instruction 1.12:  Jury to Be Guided By English Translation/    Interpretation (if applicable)
13.     Model Instruction 1.13:  Separate Consideration for Each Defendant
14.     Model Instruction 1.16:  Bench Conferences and Recesses
15.     Idaho Criminal Jury Instruction 105 (modified), Ex. A: Duty of Court

**Instructions in the Course of Trial:**

16.     Model Instruction 2.1:  Cautionary Instruction—First Recess
17.     Model Instruction 2.2:  Stipulated Testimony
18.     Model Instruction 2.3:  Stipulations of Fact
19.     Model Instruction 2.4:  Judicial Notice
20.     Model Instruction 2.6:  Transcript of Recording in English (if applicable)

---

[2] The Defendants request that the Court add "ethnicity" to the list of impermissible biases in Model Instructions 1.1, 17, 6.1, and 6.19.

[3] The Defendants request that the Court include in Model Instruction 1.6 an instruction that the jury not take the Court's overruling of an objection to mean that the Court gives its stamp of approval to the evidence or a particular party's interpretation of the evidence. For example, "When the Court overrules an objection and admits testimony or an exhibit, that ruling only means that the testimony or exhibit is admissible under the rules of evidence. That ruling does not give a stamp of the Court's approval to that particular evidence or to either parties' interpretation of that evidence. The weight you give that evidence, if any, is completely up to you."

[4] The Defendants request that the Court include examination of the jury's own Apple or Samsung products in the list of impermissible research in Model Instructions 1.8 and 6.20, as well as in the cautionary instructions it gives to the jury before recesses during the testimony of Apple, Samsung, and UL representatives. For example, "do not do any research, such as <u>examining your own Apple or Samsung products,</u> consulting dictionaries, . . . ." Model Instruction 1.8 (addition underlined).

21.    Model Instruction 2.7:  Transcript of Recording in Foreign Language (if applicable)
22.    Model Instruction 2.8:  Disputed Transcript of Recording in Foreign Language (if applicable)
23.    Model Instruction 2.9:  Foreign Language Testimony
24.    Model Instruction 2.10:  Other Crimes, Wrongs, or Acts of Defendant
25.    Model Instruction 2.12:  Evidence for a Limited Purpose

**Consideration of Particular Evidence:**

26.    Model Instruction 3.1:  Statements by Defendant (if applicable)
27.    Model Instruction 3.3:  Other Crimes, Wrongs or Acts of Defendant
28.    Model Instruction 3.8:  Impeachment Evidence—Witness
29.    Model Instruction 3.9:  Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea
30.    Model Instruction 3.10:  Government's Use of Undercover Agents and Informants
31.    Model Instruction 3.14:  Opinion Evidence, Expert Witness
32.    Model Instruction 3.15:  Dual Role Testimony (if applicable)
33.    Model Instruction 3.16:  Charts and Summaries Not Admitted into Evidence (if applicable)
34.    Model Instruction 3.17:  Charts and Summaries Admitted into Evidence (if applicable)
35.    Model Instruction 3.19:  Lost or Destroyed Evidence (if applicable)

**Jury Deliberations:**

36.    Model Instruction 6.1:  Duties of Jury to Find Facts and Follow Law
37.    Model Instruction 6.2: Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof
38.    Model Instruction 6.3:  Defendant's Decision Not to Testify (if applicable)
39.    Model Instruction 6.4:  Defendant's Decision To Testify (if applicable)
40.    Model Instruction 6.5 (modified), Ex. B:  Reasonable Doubt—Defined
41.    Model Instruction 6.6:  What is Evidence
42.    Model Instruction 6.7:  What is Not Evidence
43.    Model Instruction 6.8:  Direct and Circumstantial Evidence
44.    Model Instruction 6.9:  Credibility of Witnesses
45.    Model Instruction 6.10:  Activities Not Charged
46.    Model Instruction 6.13:  Separate Consideration of Multiple Counts—Multiple Defendants
47.    Model Instruction 6.17:  Foreign Language Testimony (if applicable)
48.    Model Instruction 6.18:  On or About—Defined
49.    Model Instruction 6.19:  Duty to Deliberate
50.    Model Instruction 6.20:  Consideration of Evidence—Conduct of the Jury
51.    Model Instruction 6.21:  Use of Notes
52.    Model Instruction 6.22:  Jury Consideration of Punishment
53.    Model Instruction 6.23:  Verdict Form
54.    Model Instruction 6.24:  Communication With Court
55.    Model Instruction 6.27:  Specific Issue Unanimity

56.     Model Instruction 6.13:  Post-Discharge Instruction

**The Charges and Defenses**

57.     Model Instruction 11.1, 4.6: Elements of Conspiracy[5]
58.     Model Instruction 11.3:  Multiple Conspiracies
59.     Model Instruction 11.5:  Withdrawal from Conspiracy
60.     Model Instruction 12.6 (modified), Ex. C: Buyer-Seller Relationship
61.     Model Instruction 15.35 (modified), Ex. D:  Elements of Wire Fraud, 18 U.S.C. § 1343
62.     Model Instruction 15.32 (modified), Ex. E:  Elements of Mail Fraud, 18 U.S.C. § 1341
63.     Model Instruction 4.8 (modified), Ex. F:  Knowingly
64.     Model Instruction 4.13 (modified), Ex. G:  Intent to Defraud
65.     Ex. H (No Ninth Circuit Model Instruction):  Elements of Trafficking in Counterfeit Goods, 18 U.S.C. § 2320(a), (b)(1)
66.     Model Instruction 5.12:  Mere Presence

**Forfeiture Instructions:**

67.     Ex. I (No Ninth Circuit Model Instruction):  Preliminary Forfeiture Instructions
68.     Ex. J (No Ninth Circuit Model Instruction):  Wire Fraud and Mail Fraud Forfeiture Elements
69.     Ex. K (No Ninth Circuit Model Instruction):  Trafficking in Counterfeit Goods Forfeiture Elements
70.     Ex. L (No Ninth Circuit Model Instruction):  Definition of "Nexus"

---

[5] The Defendants request that the Court include the required mental state in the second element of this instruction, so that it reads, "the defendant <u>willfully</u> became a member of that conspiracy." Model Instruction 11.1 (addition underlined).

**Exhibit A**

**Proposed Instruction 15:  Duty of Court**

If during the trial I may say or do anything which suggests to you that I am inclined to favor the claims or position of any party, you will not permit yourself to be influenced by any such suggestion. I will not express nor intend to express, nor will I intend to intimate, any opinion as to which witnesses are or are not worthy of belief; what facts are or are not established; or what inferences should be drawn from the evidence. If any expression of mine seems to indicate an opinion relating to any of these matters, I instruct you to disregard it.

I may at times use the phrase "alleged victim" in these instructions or in the course of this trial.  This word is used only to refer to those who are alleged to have been victimized, and is used only for convenience.  It does not indicate any opinion on my part that there is a victim, or that the defendant has committed an offense.  Whether there is a victim, and whether the defendant is guilty of any offense, are matters for you alone to determine based on the evidence presented at trial.

*Authority*: Idaho Criminal Jury Instruction 105.

**Exhibit B**

**Proposed Instruction 40:  Reasonable Doubt**

I instruct you that you must presume the defendants to be innocent of the crimes charged. Thus the defendants, although accused of crimes in the indictment, begin the trial with a "clean slate"—with no evidence against him or her.  The indictment, as you already know, is not evidence of any kind.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendants.  The presumption of innocence alone, therefore, is sufficient to acquit the defendants.

The burden is always on the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.  A reasonable doubt is a doubt based on reason and common sense—the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act on it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that a defendant has committed each and every element of an offense charged in the indictment, you must find that defendant not guilty of that offense.  If you view the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—you must, of course, adopt the conclusion of innocence.

*Authority*:  Devitt § 12.10; Model Instruction 6.5 cmt. (a "reasonable doubt instruction must (1) convey to the jury that it must consider only the evidence, and (2) properly state the government's burden of proof.") (citing *Victor v. Nebraska*, 511 U.S. 1, 15 (1994)).

**Exhibit C**

**Proposed Instruction 60:  Buyer-Seller Relationship**

A buyer-seller relationship between a defendant and another person, standing alone, cannot support a conviction for conspiracy. The fact that a defendant may have bought cell phone products from another or sold cell phones products to another is not sufficient without more to establish that the defendant was a member of the charged conspiracy. Instead, a conspiracy conviction requires proof of an agreement to commit a crime beyond the mere sale of inventory.

In considering whether the evidence supports the existence of a conspiracy or the existence of a buyer-seller relationship, you should consider all the evidence, including the following factors:

(1) whether the sales were made on credit or consignment;
(2) the frequency of the sales;
(3) the quantity of the sales;
(4) the level of trust demonstrated between the buyer and the seller;
(5) the length of time during which the sales were ongoing;
(6) whether the transactions were standardized; and
(7) whether the parties advised each other on the conduct of the other's business.

These are merely a list of relevant factors to aid you in analyzing the evidence; the presence or absence of any single factor is not determinative.

*Authority:* Model Instruction 12.6; Model Instruction 11.1 (indicating Instruction 12.6 on buyer-seller relationship may be modified for non-drug conspiracies); *United States v. Loveland*, 825 F.3d 555, 562 (9th Cir. 2016) (mere seller-buyer relationship and evidence the seller knew the buyer was reselling, without the seller having a stake in what the buyer does with the goods, is missing the element of an agreement necessary for conspiracy conviction).

**Exhibit D**

**Proposed Instruction 61:  Elements of Wire Fraud**

In Counts 2, 3, 4, 6, and 9, the government  has charged  five defendants with  separate instances of wire fraud, in violation of Section 1343 of Title 18 of the United States Code. The charges are detailed in this chart:

| Count | Defendant | Date of Wire | Use of Interstate Wire Communication |
|---|---|---|---|
| 2 | Michael Iyerusalimets | 3/7/2016 | Advertised, sold, and caused purchase of counterfeit Samsung charger listed as "authentic" on Amazon.com |
| 3 | Michael Iyerusalimets Anna Iyerusalimets | 3/14/2016 | Advertised, sold, and caused purchase of counterfeit Apple iPhone and Samsung charger listed as "new" on eBay.com |
| 4 | Kristina Babichenko Timothy Babichenko | 3/17/2016 | Advertised, sold, and caused purchase of counterfeit Samsung phone and battery listed as "new" on eBay.com |
| 6 | Timothy Babichenko | 10/24/2017 | Advertised, sold, and caused purchase of counterfeit Apple iPhones listed as "new" on Amazon.com |
| 9 | David Bibikov | 12/12/2017 | Advertised, sold, and caused purchase of counterfeit Apple iPhone listed as "new" on Amazon.com |

In order for a defendant to be found guilty of wire fraud, the government must prove each of the following elements beyond a reasonable doubt as to that defendant:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent                    pretenses,                    representations,                    or                    promises;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme, with all of you agreeing as to which good or goods the defendant advertised, sold, or caused the purchase of using or causing to be used, an interstate wire, and with all of you agreeing that good was, or those goods were, counterfeit.

A scheme to defraud must have a goal of depriving the alleged victim of property. If you conclude that a defendant only incidentally deprived an alleged victim of property while carrying out a scheme with some other goal, you must find that defendant not guilty.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

Each of the wire fraud charges allege that the good sold was "counterfeit." Therefore, to find a defendant guilty of wire fraud, you must conclude beyond a reasonable doubt that the good sold was counterfeit because the defendant used a counterfeit mark on or in connection with the good.

A "counterfeit mark" is one that is "spurious," meaning it falsely suggests an erroneous origin of the good it is used on or connection with. To find that a mark is counterfeit, you must find beyond a reasonable doubt that:

(i) it was used in connection with the good named in the Count at issue;

(ii) it is identical with, or substantially indistinguishable from, a mark that was registered on the principal register in the United States Patent and Trademark Office and was in use by the trademark holder;

(iii) it is applied to or used in connection with the goods for which the mark is registered with the United States Patent and Trademark Office; and

(iv) its use is likely to cause confusion, to cause mistake, or to deceive regarding the origin of the good that it is used on or connection with.

"Counterfeit mark" does not include any mark used in connection with goods of which the manufacturer or producer was, at the time of the manufacture or production in question, authorized to use the mark for the type of goods or services so manufactured or produced, by the holder of the right to use such mark.

If you find that a Count involves what is otherwise a counterfeit mark used on or in connection with the repackaging of a genuine good, you must return a verdict of not guilty unless the government also proves beyond a reasonable doubt the defendant used the mark with the intent to deceive or confuse regarding the origin of the good.

*Authority*: Model Instruction 15.35, 6.27 and cmt. (explaining, "[w]hen a specific unanimity instruction is necessary, the Committee recommends including in the substantive instruction the phrase ' . . . with all of you agreeing [*as to the particular matter requiring unanimity*].'"); 18 U.S.C. § 1343; 18 U.S.C. § 2320(f)(1)(A) (definition of "counterfeit mark"); 18 U.S.C. § 2320(g) (repackaging genuine goods is not a crime); *United States v. Yates*, 16 F.4th 256, 264 (9th Cir. 2021) ("A scheme to defraud 'must be one to deceive the bank and deprive it of something of value,' that is, money or property. *Shaw v. United States*, 137 S. Ct. 462, 469 (2016). . . . And that property deprivation 'must play more than some bit part in a scheme'—the loss to the victim 'must be an object of the fraud,' not a mere 'implementation cost' or 'incidental byproduct of the scheme. *Kelly v. United States*, 140 S. Ct. 1565, 1573–74 (2020) (some internal citations omitted, cleaned up); *Neder v. United States*, 527 U.S. 1, 20–21 (1999) (construing "scheme or artifice to defraud" identically for the mail, wire, and bank fraud statutes).

**Exhibit E**

**Proposed Instruction 62:  Elements of Mail Fraud**

In Counts 11, 12, 13, 15, and 18, the government has charged five defendants with mail fraud, in violation of Section 1341 of Title 18 of the United States Code. The charges are detailed in this chart:

| Count | Defendant | Approximate Shipment Date | Mailed Items | Sender |
|---|---|---|---|---|
| 11 | Michael Iyerusalimets | 3/7/2016 | Counterfeit Samsung charger | Mobile Rack Co. |
| 12 | Anna Iyerusalimets Michael Iyerusalimets | 3/14/2016 | Counterfeit Apple iPhone and Samsung charger | Tradewestern 2016 |
| 13 | Timothy Babichenko Kristina Babichenko | 3/17/2016 | Counterfeit Samsung phone and battery | KayPop |
| 15 | Timothy Babichenko | 12/24/2017 | Counterfeit Apple iPhone | Ariginall |
| 18 | David Bibikov | 12/12/2017 | Counterfeit Apple iPhone | Bibby's Electronics |

In order for a defendant to be found guilty of mail fraud, the government must prove each of the following elements beyond a reasonable doubt as to that defendant:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme, with all of you agreeing as to which good or goods the defendant mailed or caused to be mailed, and with all of you agreeing that good was or those goods were counterfeit.

A scheme to defraud must have a goal of depriving the alleged victim of property. If you conclude that a defendant only incidentally deprived an alleged victim of property while carrying out a scheme with some other goal, you must find that defendant not guilty.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

Each of the mail fraud charges allege that the good sold was "counterfeit." Therefore, to find a defendant guilty of mail fraud, you must conclude that the good sold was counterfeit because the defendant used a counterfeit mark on or in connection with the good.

A "counterfeit mark" is one that is "spurious," meaning it falsely suggests an erroneous origin of the good it is used on or connection with. To find that a mark is counterfeit, you must find beyond a reasonable doubt that:

(i) it was used in connection with the good named in the Count at issue;

(ii) it is identical with, or substantially indistinguishable from, a mark that was registered on the principal register in the United States Patent and Trademark Office and was in use by the trademark holder;

(iii) it is applied to or used in connection with the goods for which the mark is registered with the United States Patent and Trademark Office; and

(iv) its use is likely to cause confusion, to cause mistake, or to deceive regarding the origin of the good that it is used on or connection with.

"Counterfeit mark" does not include any mark used in connection with goods of which the manufacturer or producer was, at the time of the manufacture or production in question, authorized to use the mark for the type of goods or services so manufactured or produced, by the holder of the right to use such mark.

If you find that a Count involves what is otherwise a counterfeit mark used on or in connection with the repackaging of a genuine good, you must return a verdict of not guilty unless the government also proves beyond a reasonable doubt the defendant used the mark with the intent to deceive or confuse regarding the origin of the good.

*Authority*: Model Instruction 15.32, 6.27 and cmt. (explaining, "[w]hen a specific unanimity instruction is necessary, the Committee recommends including in the substantive instruction the phrase ' . . . with all of you agreeing [*as to the particular matter requiring unanimity*].'"); 18 U.S.C. § 1341; 18 U.S.C. § 2320(f)(1)(A) (definition of "counterfeit mark"); 18 U.S.C. § 2320(g) (repackaging genuine goods is not a crime); *United States v. Yates*, 16 F.4th 256, 264 (9th Cir. 2021) ("A scheme to defraud 'must be one to deceive the bank and deprive it of something of value,' that is, money or property. *Shaw v. United States*, 137 S. Ct. 462, 469 (2016). . . . And that property deprivation 'must play more than some bit part in a scheme'—the loss to the victim 'must

be an object of the fraud,' not a mere 'implementation cost' or 'incidental byproduct of the scheme.' *Kelly v. United States*, 140 S. Ct. 1565, 1573–74 (2020) (some internal citations omitted, cleaned up); *Neder v. United States*, 527 U.S. 1, 20–21 (1999) (construing "scheme or artifice to defraud" identically for the mail, wire, and bank fraud statutes).

**Exhibit F**

**Proposed Instruction 63:  Knowingly – Related to Wire and Mail Fraud**

Use this definition of "knowingly" when  you evaluate  and  decide  the wire and mail fraud charges alleged in Counts 2, 3, 4, 6, 9, 11, 12, 13, 15, 18.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his or her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

*Authority*:  Model Instruction 4.8.

**Exhibit G**

**Proposed Instruction 64:  Intent to Defraud and Good Faith**

An intent to defraud—which is an element of mail fraud and wire fraud—is an intent to both deceive and cheat.  Thus, to be guilty of wire or mail fraud, a defendant must act with the intent to both (1) deceive, that is make false statements or utilize other forms of deception, and (2) cheat, that is to deprive a victim of money or property by means of those deceptions.

In determining whether or not a defendant acted with an intent to defraud, you may consider whether or not a defendant acted in "good faith."  To act in "good faith" means to act on the basis of a belief or opinion one honestly holds, even if it later turns out that the belief or opinion was mistaken or wrong. If you conclude that a defendant acted in good faith with respect to a particular charge of wire fraud or mail fraud, then you cannot also conclude that defendant acted with the intent to defraud, and thus must find that defendant not guilty of that charge.

*Authority*:  Model Instruction 4.13; *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) (holding that "wire fraud requires the intent to deceive *and* cheat," not merely the intent to deceive or cheat); *United States v. Wilkes*, 07-0330-LAB (S.D. Cal. Nov. 7, 2007) ECF 153 at 23 (giving the defendant's requested good faith instruction).

**Exhibit H**

**Proposed Instruction 65:  Elements of Trafficking in Counterfeit Goods**

In Counts 21, 22, 23, 25, 26, 28, and 30 of the indictment, the government has charged six defendants with trafficking in counterfeit goods, in violation of Section 2320 of Title 18 of the United States Code, as shown in this chart:

| Count | Defendant | Date | Items |
|---|---|---|---|
| 21 | Paul Babichenko | 10/26/2016 | Apple iPhone 4S<br>Apple iPhone 6S |
| 22 | Paul Babichenko | 10/26/2016 | Samsung S3 batteries<br>Samsung Note 4 batteries<br>Samsung S4 batteries<br>Samsung S5 batteries<br>Samsung phone chargers |
| 23 | Paul Babichenko | 1/5/2017 | Apple iPhone 5S |
| 25 | Anna Iyerusalimets<br>Michael Iyerusalimets | 3/14/2016 | Apple iPhone<br>Apple accessories<br>Samsung charger |
| 26 | Michael Iyerusalimets | 3/7/2016 | Samsung charger |
| 28 | David Bibikov | 12/2/2016 | Apple iPhone 5S<br>Apple chargers |
| 30 | Timothy Babichenko<br>Kristina Babichenko | 3/17/2016 | Samsung battery<br>Samsung Galaxy S4 phone |

For a defendant to be found guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to that defendant:

First, the defendant trafficked in goods, with all of you agreeing as to the good or goods trafficked;

Second, such trafficking was intentional;

Third, the defendant used a counterfeit mark on or in connection with such trafficked goods, with all of you agreeing as to the good or goods that were counterfeit; and

Fourth, the defendant knew that the mark so used was counterfeit.

"Traffic" means to transport, transfer, or dispose of, to another, for purposes of commercial advantage or private financial gain, or to import, export, obtain control of, or possess with intent to do transport, transfer, or otherwise dispose of.

"Financial gain" includes the receipt, or expected receipt, of anything of value.

A "counterfeit mark" is one that is "spurious," meaning it falsely suggests an erroneous origin of the good it is used on or connection with. To find that a mark is counterfeit, you must find beyond a reasonable doubt that:

(i) it was used in connection with trafficking the good or goods named in the Count at issue;

(ii) it is identical with, or substantially indistinguishable from, a mark that was registered on the principal register in the United States Patent and Trademark Office and was in use by the trademark holder;

(iii) it is applied to or used in connection with the goods for which the mark is registered with the United States Patent and Trademark Office; and

(iv) its use is likely to cause confusion, to cause mistake, or to deceive regarding the origin of the good that it is used on or connection with.

"Counterfeit mark" does not include any mark or designation used in connection with goods of which the manufacturer or producer was, at the time of the manufacture or production in question, authorized to use the mark or designation for the type of goods or services so manufactured or produced, by the holder of the right to use such mark or designation.

If you find that a Count involves what is otherwise a counterfeit mark used on or in connection with the repackaging of a genuine good, you must return a verdict of not guilty unless the government also proves beyond a reasonable doubt that the defendant used the mark with the intent to deceive or confuse regarding the origin of the good.

To prove that the defendant "knew" that the mark was counterfeit, the government must show that the defendant knew of each element of the definition of "counterfeit mark," except that the government does not need to show that the defendant knew the mark was registered with the United States Patent and Trademark Office.

*Authority*: 18 U.S.C. § 2320(a) (elements of trafficking in counterfeit goods), § 2320(f)(1)(A) (definition of "counterfeit mark"), § 2320(f)(2) (definition of "financial gain"), § 2320(f)(5) (definition of "traffic"), § 2320(g) (excluding from the purview of § 2320 the repackaging of genuine goods not intended to deceive or confuse); *Wang v. Rodriguez*, 830 F.3d 958, 961 (9th Cir. 2016) (listing elements of trafficking in counterfeit goods); *United States v. Petrosian*, 126 F.3d 1232, 1234 (9th Cir. 1997) (defining a "spurious" mark as "one that is false or inauthentic," but recognizing that a genuine mark becomes spurious if it is attached to a non-genuine good); *United States v. Cone*, 714 F.3d 197, 207 (4th Cir. 2013) (relying on Black's Law Dictionary to define spurious as "deceptively suggesting an erroneous origin; fake.") (citations omitted); *United States v. Infurnari*, 647 F. Supp. 57, 59 (W.D.N.Y. 1986) (concluding that the plain language of § 2320(f)(1)(A) requires the Government to prove a defendant's knowledge of all elements of the definition of "counterfeit mark" except the element requiring that the mark was registered on the

principal register in the United States Patent and Trademark Office); Pattern Crim. Jury Instr. 5th Cir. 2.91A (2019); Model Instruction 6.27 and cmt. (explaining, "[w]hen a specific unanimity instruction is necessary, the Committee recommends including in the substantive instruction the phrase ' . . . with all of you agreeing [*as to the particular matter requiring unanimity*].'").

**Exhibit I**

**Proposed Instruction 67A–E:  Preliminary Forfeiture Instructions**

**67A.   Introductory Forfeiture Instruction**

Members of the Jury, you have one more task to perform before you are discharged.

In this case, a portion of the Indictment not previously discussed seeks to forfeit [certain] money or property. The law provides that when a defendant is convicted of _____, he or she may be required to forfeit to the United States certain property. I will explain the specific property that may be subject to forfeiture in a moment. But first, I will give you some general instructions that apply to your consideration of the forfeiture allegations. Each of you will be given a copy of these instructions for your deliberations.

"Forfeiture" means to give up ownership or interest in property, as a penalty for violating certain federal laws.

The instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, separate consideration of each defendant and each count, your duty to deliberate together, and the necessity of a unanimous verdict apply during your forfeiture deliberations. The burden of proof, however, is different, as I will describe more fully below.

In your forfeiture deliberations, you may consider any evidence admitted before [or after your previous] deliberations, including witness testimony, exhibits, and stipulations [and anything I took judicial notice of]. I remind you that the lawyers' statements to you are not evidence.

**67B.   Forfeiture Allegations Instruction**

The Indictment contains [___] Forfeiture Allegations. The Forfeiture Allegation[s] [is; are] not evidence and [do; does] not create any inference that the property is subject to forfeiture. The Defendant has denied that the property is subject to forfeiture.

**67C.   Forfeiture Burden of Proof Instruction**

In this phase of the trial, the government has the burden of proving that the property it seeks to forfeit is subject to forfeiture. The government must establish its forfeiture allegation[s] by a preponderance of the evidence, that is, it must be more probably true than not true.

The burden of proof stays with the government throughout this phase of the trial. The defendant[s] [does; do] not have the burden of proof, and [is; are] not required to produce any evidence.

**67D.   Separate Consideration—Forfeiture Allegations**

You must give separate consideration to each [property; interest; forfeiture allegation], and return a separate finding as to each. Your finding as to one [property; interest; forfeiture allegation] should not control your decision as to any other.

**67E.   Separate Consideration—Multiple Defendants**

The Forfeiture Allegation[s] allege[s] that the same property is subject to forfeiture as to more than one defendant. You should give each defendant separate consideration as to [the; each] Forfeiture Allegation.

*Authority*: Fed. R. Crim. P. 32.2; William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit 18 U.S.C. § 853.

**Exhibit J**

**Proposed Instruction 68: Wire Fraud and Mail Fraud Forfeiture Elements**

The Forfeiture Allegation[s] in the Indictment allege[s] that the following property is subject to forfeiture:

[LIST PROPERTY]

In order to find that this property is subject to forfeiture, the government must prove both of the following elements by a preponderance of the evidence:

First, that the real or personal property constitutes or was derived from proceeds traceable to the offense charged in Count[s] ___; and

Second, that there is a nexus between the property alleged to be forfeitable and the offense charged in Count[s] ___.

If you find from your consideration of all the evidence that the government has proved each of these elements by a preponderance of the evidence [as to the property you are considering and as to the defendant you are considering], then you should check the "Yes" line on the Special Forfeiture Verdict Form [as to that property and that defendant].

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements by a preponderance of the evidence [as to the property you are considering and as to the defendant you are considering], then you should check the "No" line on the Special Forfeiture Verdict Form [as to that property and that defendant].

*Authority*: 18 U.S.C. § 981(a)(1)(C); Fed. R. Crim. P. 32.2; William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit 18 U.S.C. § 981(a)(1)(C).

**Exhibit K**

**Proposed Instruction 69: Trafficking in Counterfeit Goods Forfeiture Elements**

The Forfeiture Allegation[s] in the Indictment allege[s] that the following property is subject to forfeiture:

[LIST PROPERTY]

In order to find that this property is subject to forfeiture, the government must prove both of the following elements by a preponderance of the evidence:

First, that the property was a counterfeit good that the Defendant trafficked as charged in Count[s] ___, that the property was used or intended to be used in any manner or part to commit or facilitate the commission of trafficking in counterfeit goods as charged in Count[s] ___, or that the property constitutes or was derived from any proceeds obtained directly or indirectly as a result of the commission of the offense charged in Count[s] ___; and

Second, that there is a nexus between the property alleged to be forfeitable and the offense charged in Count[s] ___.

If you find from your consideration of all the evidence that the government has proved each of these elements by a preponderance of the evidence [as to the property you are considering and as to the defendant you are considering], then you should check the "Yes" line on the Special Forfeiture Verdict Form [as to that property and that defendant].

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements by a preponderance of the evidence [as to the property you are considering and as to the defendant you are considering], then you should check the "No" line on the Special Forfeiture Verdict Form [as to that property and that defendant].

*Authority*: 18 U.S.C. § 2323(a)(1)(A)–(C), (b)(1); Fed. R. Crim. P. 32.2.

**Exhibit L**

**Proposed Instruction 70: Definition of "Nexus"**

In order to establish a "nexus" between the property alleged to be forfeitable and the offense giving rise to the forfeiture allegation, the government must establish a connection between the property and the offense. The connection must be more than incidental, but the connection need not be substantial.

*Authority*: Fed. R. Crim. P. 32.2(b)(5)(B); William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit 18 U.S.C. § 982(a)(8).

DATED this 2nd day of April, 2022.

s/ John DeFranco
s/ Barry Flegenheimer
Attorneys for Paul Babichenko

CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2022 I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Christian S. Nafzger
Joshua D. Hurwit
Justin D. Whatcott
Assistant United States Attorneys
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov
Christian.Nafzger@usdoj.gov
Joshua.hurwit@usdoj.gov
Justin.whatcott@usdoj.gov

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com

Mike French
BARTLETT & FRENCH PLLP
1002 W. Franklin St.
Boise, Idaho 83702
mike@bartlettfrench.com
*Attorneys for Piotr Babichenko*

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com

Bradley Calbo
124 Main Avenue N., Suite 200
P.O. Box 83303-1233
balbo@magicvalleylegal.com
*Attorneys for Timofey Babichenko*

Greg S. Silvey

24 • DEFENDANTS' PROPOSED JURY INSTRUCTIONS

P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com


Jay J Kiiha
5700 East Franklin Road, Ste. 200
Nampa, Idaho 83687
jkiiha@whitepeterson.com
*Attorneys for Kristina Babichenko*

Robyn A. Fyffe
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com

Brian Pugh
Assistant Federal Public Defender
Las Vegas, Nevada
Brian_Pugh@fd.org
*Attorneys for David Bibikov*

Melissa Winberg
Nicole Owens
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
nicole_owens@fd.org
*Attorneys for Anna Iyerusalimets*

Ellen Nichole Smith
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com

Craig Durham
223 N. 6th Street, Suite 325
Boise, ID 83702
chd@fergusondurham.com
*Attorneys for Mikhail Iyerusalimets*


/s/ John DeFranco