John C. DeFranco
Ellsworth, Kallas & DeFranco, PLLC
Idaho State Bar No. 4953
9169 W. State Street #1367
Garden City, ID 83714
(208) 854-8009
jcd@greyhawklaw.com

Barry L. Flegenheimer
Washington State Bar No. 11024
Bell Flegenheimer
119 First Avenue South, Suite 500, Seattle, WA 98104
(206) 621-8777
barrylfp@gmail.com

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMENTS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>       Defendants. | CASE NO. CR-18-00258-BLW<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM Dkt. 1363, AND OBJECTING TO GOVERNMENTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM Dkt's. 1369 AND 1370 |

**I.       Introduction**

The Defendants[1] object to the Government's proposed jury instructions and verdict forms, Dkts. 1369, 1370, because they are misleading, do not correctly state the law, and do not adequately cover the issues presented. In turn, they will undermine the Defendants' Fifth and Sixth Amendment rights and the validity of the jury's verdict. Because the Defendants' instructions and verdict form are clear, faithful to the law, and cover all of the relevant issues in this case, the Court should instruct the jury accordingly. *See* Dkt. 1363.

## II.  Legal Standards

This Court "has substantial latitude in formulating jury instructions," *Guam v. McGravey*, 14 F.3d 1344, 1346 (9th Cir. 1994), so long as the instructions fairly and adequately cover the issues presented, correctly state the law, and are not misleading, *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1051 (9th Cir. 1998). This is true even with respect to the Ninth Circuit's Model Instructions:[2] "They are not mandatory," "must be carefully reviewed . . . before being used in any specific case, and they should be tailored or modified when appropriate." Model Instructions at III; *see, e.g.*, *United States v. Paul*, 37 F.3d 496, 500 (9th Cir. 1994) (holding that it was plain error for the district court to give a Model Instruction).

## III.  Argument

### A.  General Objections

The Defendants object to the Government's jury instructions and verdict forms to the extent they differ from the Defendants' proposed instructions and verdict forms. Those objections include, but are not limited to, the following:

---

[1] This memorandum is filed on behalf of Pavel Babichenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets (collectively the "Defendants").

[2] Unless otherwise noted, references to the "Model Instructions" refer to the Ninth Circuit Model Criminal Jury Instructions, 2022 Edition.

- Any instructions and verdict forms that fail to account for and require specific unanimity. *See, e.g.*, Dkt. 1369 at 28 (not requiring unanimity on the fourth element), 30 (not requiring unanimity on the fourth element), 34–35 (not requiring unanimity on the first and third elements); Dkt. 1370 at 2 (failing to require the jury to unanimously agree as to the good trafficked in Counts 21 and 22); *see United States v. Gonzalez*, 786 F.3d 714, 717 (9th Cir. 2015) (a specific unanimity instruction is required "if it appears that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts."); Model Instruction 7.9 & cmt. (recommending a specific unanimity instruction to avoid juror confusion if (1) the evidence is factually complex, [or] (2) the indictment is broad or ambiguous").

- Relatedly, any instructions that fail to make clear that the jury must find all of the elements with respect to each defendant separately. *See, e.g.*, Dkt. 1369 at 34 (not stating that the Government has the burden of proving the elements beyond a reasonable doubt "as to that defendant").

- Any instructions or modifications which do not apply to the facts of this case. *See, e.g.*, Dkt. 1369 at 26 (conspiracy—knowledge of and association with other conspirators).

- Any instructions that use the phrase "the Defendants" when it in fact refers to only some of the Defendants. *See, e.g.*, Dkt. 1369 at 22 (stating, "[t]he government also alleges that the defendants committed discrete acts of wire fraud, mail fraud, and trafficking in new or counterfeit goods on specific days," even though Piotr Babichenko is charged only with conspiracy).

## B.     Mail and Wire Fraud

### 1.     The Court must instruct the jury that the Government has the burden of proving that the goods at issue in the fraud counts were counterfeit.

In each of the charges in this case—including mail fraud, wire fraud, and conspiracy to commit wire fraud—the Government has alleged that the Defendants sold *counterfeit* goods. *See* Dkt. 210. The Government has not charged the Defendants with selling used or refurbished goods. *See generally* Dkt. 210. Therefore, to secure a conviction on any of the fraud charges, the Government must prove beyond a reasonable doubt that the good or goods at issue were counterfeit. And, to protect the Defendants' due process right to a fair trial and the presumption of innocence, the Court's mail and wire fraud instructions must make that clear to the jury. *See* U.S. CONST. amend. V; *In re Winship*, 397 U.S. 358, 364 (1970). First, the Court should instruct the

jury that the Government has the burden of proving the good or goods at issue were counterfeit beyond a reasonable doubt. *See* Dkt. 1363 at 9, 12. Second, it should instruct the jury as to the definition of a counterfeit good and mark. *See id.*; § 2320(a)(1), (f)(1)(A).

### 2.   The Court must instruct the jury that an incidental deprivation of property is insufficient to find a scheme to defraud

The Defendants have requested that the Court give the following instruction regarding mail and wire fraud:

> A scheme to defraud must have a goal of depriving the alleged victim of property. If you conclude that a defendant only incidentally deprived an alleged victim of property while carrying out a scheme with some other goal, you must find that defendant not guilty.

Dkt. 1363 at 9, 11. This portion of the requested instructions is necessary to correctly state the law, adequately cover the issues, and ensure the validity of the jury's verdict. *See Kendall-Jackson Winery*, 150 F.3d at 1051. "A scheme to defraud 'must be one to deceive the [victim] and deprive it of something of value,' that is, money or property." *United States v. Yates*, 16 F.4th 256, 264 (9th Cir. 2021) (quoting *Shaw v. United States*, 137 S. Ct. 462, 469 (2016)). "And that property deprivation 'must play more than some bit part in a scheme'—the loss to the victim 'must be an object of the fraud,' not a mere 'implementation cost' or 'incidental byproduct of the scheme.'" *Yates*, 16 F.4th at 264 (quoting *Kelly v. United States*, 140 S. Ct. 1565, 1573–74 (2020)) (cleaned up); *see also Neder v. United States*, 527 U.S. 1, 20–21 (1999) (construing "scheme or artifice to defraud" identically for the mail, wire, and bank fraud statutes). Therefore, the U.S. Supreme Court and Ninth Circuit have overturned fraud convictions when the jury may have found guilt based on a mere incidental deprivation of property. *See Kelly v. United States*, 140 S. Ct. at 1568–69; *Yates*, 16 F.4th at 264–69 (noting that, "because the trial took place before *Kelly* was decided, the jury instructions did not reflect *Kelly*'s elaboration of the requirement that money or property be the

object of the scheme."). The Court must instruct the jury that a merely incidental deprivation of property is insufficient to find a Defendant guilty of wire or mail fraud.

**C.   Trafficking in Counterfeit Goods**

**1.   The Court should not instruct the jury on conspiracy to traffic in counterfeit labels and packaging.**

Consistent with this Court's instructions at the first trial, the Government has requested an instruction on conspiracy to traffic in counterfeit labels and packaging under 18 U.S.C. § 2320(a)(2). Dkt. 1369 at 22, 23, 35, 38. But the grand jury never indicted the Defendants on that charge, and so instructing the jury on conspiracy to traffic in counterfeit labels and packaging would constructively amend the superseding indictment, deprive the Defendants of their Fifth Amendment right to stand trial only on the charges found by the grand jury, and amount to reversible error. *See United States v. Adamson*, 291 F.3d 606, 614–15 (9th Cir. 2002). This Court should decline that instruction.

To begin, the superseding indictment must be interpreted in light of the plain language of § 2320. Section 2320(a) makes it a crime to,

> (1) traffic[] in *goods or services* and knowingly use[] a counterfeit mark *on or in connection with* such goods or services, [or]

> (2) traffic[] in *labels . . . or packaging* of any type or nature, knowing that a counterfeit mark has been applied thereto, the use of which is likely to cause confusion, to cause mistake, or to deceive . . . .

(Emphases added). Two takeaways from § 2320 are instructive. First, labels and packaging are not themselves goods. *Compare* § 2320(a)(1) (trafficking in counterfeit goods), *with* § 2320(a)(2) (trafficking in counterfeit labels and packaging); *see United States v. Giles*, 213 F.3d 1247, 1251, 1253 (10th Cir. 2000) (vacating Giles' conviction under an earlier version of the statute because, "[t]he 'goods' at issue in this case are the purses and handbags to which the [counterfeit] patch

MEMORANDUM RE: JURY INSTRUCTIONS                                                                    5

sets could be applied. The patch sets are not goods, but labels," and "[s]ection 2320 does not clearly penalize trafficking in counterfeit labels which are unattached to any goods."); Pub.L. 109-181, §§ 1(b), 2(b), Mar. 16, 2006, 120 Stat. 285, 288 (amending § 2320 by adding subsection (a)(2) to close the loophole identified in *Giles*). Second, labels and packaging can be properly charged under § 2320(a)(1) *only if* they were used in connection with goods; if the labels and packaging were trafficked separately from a good, they must be charged under § 2320(a)(2).

Keeping these points in mind, the superseding indictment unequivocally indicted the Defendants for conspiring to traffic only in counterfeit *goods*, which includes counterfeit labels and packaging used *on or in connection with those goods*. *See* Dkt. 210 at 10–11; § 2320(a)(1). But it did not charge the Defendants with trafficking in counterfeit labels and packaging *independent from* any goods. *See* Dkt. 210 at 10–11; § 2320(a)(2). The superseding indictment alleges that the Defendants,

> [D]id intentionally conspire and agree with one another . . . *to traffic in counterfeit goods*, *to wit*: by importing and offering for sale counterfeit Apple iPhone, AppleiPhone charges, Apple iPhone earbuds, Samsung S4 phones, Samsung S5 phones, Samsung S3 batteries, Samsun Note 4 batteries, Samsung S4 batteries, Samsung S5 batteries, Samsung chargers, *labels, and packaging* for the same, and thereby knowingly using counterfeit marks . . . on or in connection with *such goods* . . . .

Dkt. 210 at 10–11 (emphases added, separated into three paragraphs for illustrative purposes). Labels and packaging *are not mentioned* in the first or third parts of the charge; the superseding indictment only lists goods. Labels and packaging are only mentioned in the "to wit" clause of the charge. "To wit" means "that is to say; namely," and therefore it does not add to the crime charged, but rather describes it. *United States v. Garcia-Paz*, 282 F.3d 1212, 1215–16 (9th Cir. 2002) (citation omitted) (holding "from a purely textual and definitional analysis . . . [t]he inclusion of the 'to wit' phrase in the indictment was mere surplusage," and thus rejecting the defendant's

argument that not including the reference to marijuana in the "to wit" clause of the indictment in the jury instruction altered the charge). In other words, the indictment charges the Defendants with trafficking in counterfeit labels packaging used in connection with *goods*, but not with trafficking in labels and packaging independent of any goods. Similarly, the caption of the superseding indictment, which includes a citation to 18 U.S.C. § 2320(a)(2) dealing with labels and packaging, does not add to the charge itself. *See* Dkt. 210 at 1; *United States v. Pazsint*, 703 F.2d 420, 423 (9th Cir. 1983) (holding that "the caption is completely surplusage and does not control the body of the indictment," nor is "the statutory citation . . . regarded as part of the indictment."); *see also United States v. Lopez*, 4 F.4th 706, 732 (9th Cir. 2021).

Plainly, the grand jury indicted the Defendants for "trafficking in counterfeit goods." Dkt. 210 at 10–11; § 2320(a)(1). It did not charge the Defendants with conspiracy to traffic in labels and packaging *unconnected* with any goods. *See* Dkt. 210 at 10–11; § 2320(a)(2). Instructing the jury on conspiracy to traffic in counterfeit labels and packaging would constructively amend the superseding indictment, deprive the Defendants of their Fifth Amendment right to stand trial only on the charges found by the grand jury, and amount to reversible error. *See Adamson*, 291 F.3d at 614–15. The Court should decline that instruction.

### 2.    The Court must instruct the jury that it is not a crime to repackage genuine goods not intended to confuse.

Consistent with the Court's instructions at the first trial, the Government's proposed instructions do not incorporate § 2320(g) regarding the repackaging of genuine goods. *See* Dkt. 1369 at 34–37. Because § 2320(g) is plainly a correct statement of the law and is necessary to adequately cover the issues in this case, the Court must instruct the jury accordingly. *See* Dkt. 1363 at 9, 12, 17.

MEMORANDUM RE: JURY INSTRUCTIONS                                                          7

Subsection 2320(g) provides: "Nothing in this section shall entitle the United States to bring a criminal cause of action under this section for the repackaging of genuine goods or services not intended to deceive or confuse." *See* 152 Cong. Rec. H593-01, H595, 2006 WL 544047. Subsection 2320(g) was enacted alongside § 2320(a)(2), which criminalized trafficking in counterfeit labels and packaging separate from goods, to ensure that legitimate parallel markets were not stifled. Thus, § 2320(g) recognizes that the use of what would otherwise be a counterfeit mark in repackaging genuine goods is not a crime, so long as the defendant did not intend to deceive or confuse regarding the good's origin.

The Defendants' requested §2320(g) instruction correctly states the law and is necessary to adequately cover the issues in this case. *See* Dkt. 1363 at 9, 12, 17; *Kendall-Jackson Winery*, 150 F.3d at 1051. Indeed, for this instruction to be appropriate, there need only be evidence from which the jury could conclude that a single Defendant repackaged a single genuine good or trafficked in packaging that he or she intended to use to repackage a genuine good. Importantly, neither § 2320 generally, nor § 2320(g) specifically, say *anything* about goods being new, used, or refurbished; the only requirement is that the goods be *genuine*. The requisite intent to deceive or confuse is likewise regarding the *origin* of the goods, not whether they are new, used, or refurbished. *See Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1079 (9th Cir. 2020) ("Section 1114 [of the Lanham Act] was intended to protect consumers against deceptive designations of *the origin of goods*, not just to prevent the duplication of trademark.") (internal citation and quotation marks omitted); *Dreamworks Prod. Grp. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998) ("The test for likelihood of confusion [under the Lanham Act] is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the *origin of the good* or service bearing one of the marks.") (emphasis added). Because §2320(g) bears directly on

MEMORANDUM RE: JURY INSTRUCTIONS                                    8

the issues in this case and implicates the Defendants' rights to a fair trial and to present a complete

defense, *see* U.S. CONST. amends. V, VI; *Crane v. Kentucky*, 476 U.S. 683, 690 (1986), the Court

must instruct the jury that it is not a crime to use what would otherwise be counterfeit labels or

packaging to repackage genuine goods.

### 3. The Court should instruct the jury on the correct definition of a "counterfeit mark."

During the first trial, the Court instructed the jury that:

> A "counterfeit mark" is a mark that is:
> (1) "spurious"—meaning that it is false or inauthentic, in that it deceptively suggests an erroneous origin;
> (2) used in connection with trafficking in any goods . . . ;
> (3) identical with, or substantially indistinguishable from, a mark registered on the principal register of the United States Patent and Trademark Office;
> (4) applied to or used on connection with the goods for which the mark is registered with the United States Patent and Trademark Office; and
> (5) likely to cause confusion or mistake, or to deceive, when used.

Dkt. 1159 at 40. The Government has requested an identical instruction. Dkt. 1369 at 35. The

Defendants request that the Court instruct the jury according to their proposed instruction. *See* Dkt.

1363 at 9, 12, 17. Two of the Defendants' proposed changes are particularly important.

First, the Court should instruct the jury that the mark must suggest an erroneous *origin of*

*the good* it is used on or connection with and that it cause confusion, cause mistake, or deceive

regarding the *origin of the good* it is used on or in connection with. *See* Dkt. 1363 at 17 (defining

spurious as "falsely suggest[ing] an erroneous origin of the good it is used on or connection with"

and the fourth element as, "its use is likely to cause confusion, to cause mistake, or to deceive

regarding the origin of the good that it is used on or connection with."); *see Arcona, Inc.*, 976 F.3d

at 1079 ("Section 1114 [of the Lanham Act] was intended to protect consumers against deceptive

designations of *the origin of goods* . . . ."); *Dreamworks Prod. Grp.*, 142 F.3d at 1129 (discussing

the requisite confusion with respect to "the *origin of the good* or service bearing one of the

MEMORANDUM RE: JURY INSTRUCTIONS                                                                    9

marks."). Without clarifying as much, the instruction could mislead the jury to believe that the relevant origin is that of the mark, not the good.

Second, the Court should not include "spurious" and its definition as an element of "counterfeit mark" because it is not itself an element of counterfeit mark under § 2320(f)(1)(A). The structure of 2320(f)(1)(A) shows as much. *See United States v. Lillard*, 935 F.3d 827, 833 (9th Cir. 2019) (courts may consider the structure of a statute to determine its plain meaning). It provides:

> (1) the term "counterfeit mark" means—
>> (A) a spurious mark—
>>> (i) that is used in connection with trafficking in any goods . . . ;
>>> (ii) that is identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark Office and in use, whether or not the defendant knew such mark was so registered;
>>> (iii) that is applied to or used in connection with the goods or services for which the mark is registered with the United States Patent and Trademark Office . . . ; and
>>> (iv) the use of which is likely to cause confusion, to cause mistake, or to deceive . . . .
>> (B) a spurious designation . . .

Consistent with the plain language and structure of § 2320, the definition of "spurious" should be given separately from the four elements of a counterfeit mark. *See* Dkt. 1363 at 17 ("A 'counterfeit mark' is one that is 'spurious,' meaning it falsely suggests an erroneous origin of the good it is used on or connection with. To find that a mark is counterfeit, you must find beyond a reasonable doubt that . . . .").

## D.   Deliberate Ignorance

The Government's proposed instructions, and this Court's instructions at the first trial, incorporated a modified version of Model Instruction 5.8, deliberate indifference, within the "knowledge" instruction for mail and wire fraud and the trafficking and counterfeit goods

MEMORANDUM RE: JURY INSTRUCTIONS                                          10

instruction. *See* Dkt. 1369 at 31, 36. The Court should not provide those instructions to the jury. First, a deliberate ignorance instruction is inappropriate because, if the jury rejects the Government's evidence of actual knowledge, it could not rationally find deliberate ignorance. *See United States v. Heredia*, 483 F.3d 913, 923–24 (9th Cir. 2007). Second, the deliberate ignorance instruction is tailored in a way that is confusing and misstates the law. The Court should not instruct on deliberate ignorance.

## IV.    Conclusion

The Defendants respectfully request that the Court provide the jury with their proposed instructions and verdict forms.

Dated 18th day of April 2022.

_____/s/_____
John C. DeFranco

CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2022 I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Christian S. Nafzger
Joshua D. Hurwit
Justin D. Whatcott
Assistant United States Attorneys
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov
Christian.Nafzger@usdoj.gov
Joshua.hurwit@usdoj.gov
Justin.whatcott@usdoj.gov

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com

Mike French
BARTLETT & FRENCH PLLP
1002 W. Franklin St.
Boise, Idaho 83702
mike@bartlettfrench.com
*Attorneys for Piotr Babichenko*

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com

Bradley Calbo
124 Main Avenue N., Suite 200
P.O. Box 83303-1233
balbo@magicvalleylegal.com
*Attorneys for Timofey Babichenko*

Greg S. Silvey

MEMORANDUM RE: JURY INSTRUCTIONS                                              12

P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com


Jay J Kiiha
5700 East Franklin Road, Ste. 200
Nampa, Idaho 83687
jkiiha@whitepeterson.com
*Attorneys for Kristina Babichenko*

Robyn A. Fyffe
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com

Brian Pugh
Assistant Federal Public Defender
Las Vegas, Nevada
Brian_Pugh@fd.org
*Attorneys for David Bibikov*

Melissa Winberg
Nicole Owens
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
nicole_owens@fd.org
*Attorneys for Anna Iyerusalimets*

Ellen Nichole Smith
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com

Craig Durham
223 N. 6th Street, Suite 325
Boise, ID 83702
chd@fergusondurham.com
*Attorneys for Mikhail Iyerusalimets*


                                            /s/ John DeFranco