John C. DeFranco
Ellsworth, Kallas & DeFranco, PLLC
Idaho State Bar No. 4953
9169 W. State Street #1367
Garden City, ID 83714
(208) 854-8009
jcd@greyhawklaw.com

Barry L. Flegenheimer
Washington State Bar No. 11024
Bell Flegenheimer
119 First Avenue South, Suite 500
Seattle, WA 98104
(206) 621-8777
barrylfp@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> PAVEL BABICHENKO, <br> PIOTR BABICHENKO, <br> TIMOFEY BABICHENKO, <br> KRISTINA BABICHENKO, <br> DAVID BIBIKOV, <br> ANNA IYERUSALIMENTS, <br> MIKHAIL IYERUSALIMETS, <br> ARTUR PUPKO, <br><br> Defendants. | CASE NO. CR-18-00258-BLW <br><br> DEFENDANTS' SUPPLEMENTAL JURY INSTRUCTIONS |

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Federal

Rule of Criminal Procedure 30, the Defendants[1] respectfully submit their supplemental proposed

---

[1] These instructions are filed on behalf of Pavel Babichenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets (collectively the "Defendants").

jury instructions. Unless otherwise indicated, these instructions are taken from the Ninth Circuit's Manual of Model Criminal Jury Instructions, 2022 Edition.

**Exhibit M**

**Proposed Instruction 25: Evidence for Limited Purpose**

During trial, you heard evidence that was admitted for a limited purpose. The Court instructed you at that time that you may only consider any such evidence for that limited purpose and not for any other purpose.

For example, the Court instructed you that some evidence could only be considered as to one or some of the defendants. That included government's exhibit 3203.49, which is only admissible as to David Bibikov. Therefore, you cannot consider that evidence in determining the innocence of guilt of any other defendant.

You also heard evidence that was admitted for the limited purpose of notice. The evidence includes testimony and exhibits regarding Customs and Border Protection notices, customer complaints, and cease and desist letters from the trademark holders. You may consider that evidence only in determining whether a defendant had notice of a fact in issue, and not for any other purpose. This means you may not consider that evidence to prove the truth of the matter asserted.

Further, the notice of a fact in issue is only effective as to the person who had personal knowledge of it; for example, those who received or reviewed the evidence.[2] You cannot consider evidence as providing notice to anyone who did not have personal knowledge of it. If you conclude that someone was made aware of the evidence, but did not personally review it, then you may only consider the information that was actually communicated to the person as notice to them. You may

---

[2] The Government requested an instruction, and the Court has instructed the jury throughout trial, that the jury can also consider evidence to be notice to those who were "made aware" or "learned" of the evidence. *See* TR2 2168–71 (instructing the jury, "[t]hat email is being offered not for the truth of what was set forth in that email but, rather, to show that notice was received by the—that it provided notice to anyone who received, read, or *otherwise learned of the contents of that email* about Mr. Kroll's concerns and his view that the item was not genuine.") (emphasis added). That is an incorrect instruction because it does not require personal knowledge of the evidence giving notice. *See, e.g.*, *Phillips v. United States*, 356 F.2d 297, 303 (9th Cir. 1965) ("[S]ince it is the personal knowledge of the invidious fact which warrants such an inference [of intent], nothing less than personal knowledge of that fact will do to establish the fact even circumstantially."). Notice of the evidence itself can only be considered as to those who *actually* reviewed it. If "made aware" of the evidence, such as by one person telling another about it, then only whatever made the person aware of the underlying evidence may be considered as evidence of notice. This is because the underlying evidence could contain more information than that was communicated to the other person, or the person communicating it could have misunderstood the underlying evidence and then communicated that misunderstanding to the other person. Personal knowledge of a letter, for example, is not the same as personal knowledge of only someone else's description of that letter, which can be incorrect or incomplete. Thus, the underlying evidence can only be notice to those that personally viewed it, and only whatever communication made others aware of the underlying evidence can be considered as evidence of notice to those "made aware" of it.

not consider the underlying evidence as providing them with notice if they did not personally review it.

*Authority*: Model Instruction 2.12; *United States v. Lasky*, 600 F.2d 765, 769 (9th Cir. 1979) ("It is error to admit complaint documents against a defendant absent independent evidence that the defendant had actual knowledge of the documents."); *United States v. Piepgrass*, 425 F.2d 194, 199 (9th Cir. 1970) ("Intent to defraud may be inferred from one's knowledge that the scheme operated in a deceitful manner, but the latter knowledge must be possessed by each individual."); *Phillips v. United States*, 356 F.2d 297, 303 (9th Cir. 1965) ("[A] conspirator's intent to defraud may be inferred from the fact that he personally knew that the venture was operating deceitfully. But since it is the personal knowledge of the invidious fact which warrants such an inference, nothing less than personal knowledge of that fact will do to establish the fact even circumstantially. Thus so-called 'constructive' notice or knowledge of a circumstance, based upon the actual knowledge of a co-conspirator, agent of employee, has no tendency, circumstantially or otherwise, to prove criminal intent."); *see also id.* at 306 ("Where documents are admitted on the theory that a defendant's actual knowledge of them shows that he must have realized the scheme was fraudulent, the jury should be told in plain and direct language, that such documents may be considered only if it has been independently shown that such defendant had actual knowledge of the documents while the asserted scheme was in progress."); *Reisman v. United States*, 409 F.2d 789, 791 (9th Cir. 1969) (same); *United States v. Bakhshekooei*, 110 F.3d 70 (9th Cir. 1997) ("the district court properly gave . . . a limiting instruction" consistent with *Phillips*).

**Exhibit N**

**Proposed Instruction 57: Elements of Conspiracy**

In counts 1 and 20, the government charges all defendants with entering into two separate conspiracies. Count 1 charges the defendants with conspiring to commit wire fraud by selling counterfeit goods that the defendants represented to be new and genuine. Count 20 charges the defendants with conspiring to traffic in counterfeit goods.

For each of these two alleged conspiracies, the government must prove each of the following elements beyond a reasonable doubt as to that defendant:

*Wire Fraud*. For the alleged conspiracy to commit wire fraud, the government must prove that: (1) beginning in or about January 2008 and ending on or about August 14, 2018, there was an agreement between two or more people to commit wire fraud by selling counterfeit goods that the defendants represented to be new and genuine; and (2) the defendant willfully became a member of that conspiracy, knowing of at least one of its objects and intending to help accomplish it.

*Trafficking in Counterfeit Goods*. For the alleged conspiracy to traffic in counterfeit goods, the government must prove that: (1) beginning in or about January 2008 and ending on or about August 14, 2018, there was an agreement between two or more people to traffic in counterfeit goods; and (2) the defendant willfully became a member of that conspiracy, knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

*Authority*: Model Instruction 11.1, 4.6 cmt.; U.S. Const. amend. V; *United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014) ("[W]hen conduct necessary to satisfy an element of the offense is charged in the indictment and the government's proof at trial includes uncharged conduct that would satisfy the same element, we need some way of assuring that the jury convicted the defendant based solely on the conduct actually charged in the indictment."); *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002) (finding a fatal variance where "there was clearly a divergence between the misrepresentation specific in the indictment and the misrepresentation shown at trial").

# Exhibit O

## Revised[3] Proposed Instruction 61: Elements of Wire Fraud

In Counts 2, 3, 4, 6, and 9, the government has charged five defendants with separate instances of wire fraud, in violation of Section 1343 of Title 18 of the United States Code. The charges are detailed in this chart:

| Count | Defendant | Date of Wire | Use of Interstate Wire Communication |
|---|---|---|---|
| 2 | Michael Iyerusalimets | 3/7/2016 | Advertised, sold, and caused purchase of counterfeit Samsung charger listed as "authentic" on Amazon.com |
| 3 | Michael Iyerusalimets Anna Iyerusalimets | 3/14/2016 | Advertised, sold, and caused purchase of counterfeit Apple iPhone and Samsung charger listed as "new" on eBay.com |
| 4 | Kristina Babichenko Timothy Babichenko | 3/17/2016 | Advertised, sold, and caused purchase of counterfeit Samsung phone and battery listed as "new" on eBay.com |
| 6 | Timothy Babichenko | 10/24/2017 | Advertised, sold, and caused purchase of counterfeit Apple iPhones listed as "new" on Amazon.com |
| 9 | David Bibikov | 12/12/2017 | Advertised, sold, and caused purchase of counterfeit Apple iPhone listed as "new" on Amazon.com |

In order for a defendant to be found guilty of wire fraud, the government must prove each of the following elements beyond a reasonable doubt as to that defendant:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, <u>that is by selling counterfeit goods which the defendant represented to be new and genuine</u>;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a <u>consumer</u> to part with money or property;

Third, the defendant acted with the intent to defraud a <u>consumer</u>; that is, the intent to deceive and cheat a <u>consumer</u>; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme, with all of you agreeing as to which good or goods the defendant advertised, sold, or caused the purchase of using or causing to be

---

[3] For those instructions which were already included as an exhibit to the Defendants proposed jury instructions, *see* Dkt. 1363, additions are indicated with underlining.

used, an interstate wire, and with all of you agreeing that good was, or those goods were, counterfeit.

A scheme to defraud must have a goal of depriving the alleged victim of property. If you conclude that a defendant only incidentally deprived an alleged victim of property while carrying out a scheme with some other goal, you must find that defendant not guilty.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

Each of the wire fraud charges allege that the good sold was "counterfeit." Therefore, to find a defendant guilty of wire fraud, you must conclude beyond a reasonable doubt that the good sold was counterfeit because the defendant <u>knowingly</u> used a counterfeit mark on or in connection with the good.

A "counterfeit mark" is one that is "spurious," meaning it falsely suggests an erroneous origin of the good it is used on or connection with. To find that a mark is counterfeit, you must find beyond a reasonable doubt that:

(i) it was used in connection with the good named in the Count at issue;

(ii) it is identical with, or substantially indistinguishable from, a mark that was registered on the principal register in the United States Patent and Trademark Office and was in use by the trademark holder;

(iii) it is applied to or used in connection with the goods for which the mark is registered with the United States Patent and Trademark Office; and

(iv) its use is likely to cause confusion, to cause mistake, or to deceive regarding the origin of the good that it is used on or connection with.

"Counterfeit mark" does not include any mark used in connection with goods of which the manufacturer or producer was, at the time of the manufacture or production in question, authorized to use the mark for the type of goods or services so manufactured or produced, by the holder of the right to use such mark.

If you find that a Count involves what is otherwise a counterfeit mark used on or in connection with the repackaging of a genuine good, you must return a verdict of not guilty unless the government also proves beyond a reasonable doubt the defendant used the mark with the intent to deceive or confuse regarding the origin of the good.

*Authority*: Model Instruction 15.35, 6.27 and cmt. (explaining, "[w]hen a specific unanimity instruction is necessary, the Committee recommends including in the substantive instruction the phrase ' . . . with all of you agreeing [*as to the particular matter requiring unanimity*].'"); 18 U.S.C. § 1343; 18 U.S.C. § 2320(f)(1)(A) (definition of "counterfeit mark"); 18 U.S.C. § 2320(g) (repackaging genuine goods is not a crime); *United States v. Yates*, 16 F.4th 256, 264 (9th Cir. 2021) ("A scheme to defraud 'must be one to deceive the bank and deprive it of something of value,' that is, money or property. *Shaw v. United States*, 137 S. Ct. 462, 469 (2016). . . . And that property deprivation 'must play more than some bit part in a scheme'—the loss to the victim 'must be an object of the fraud,' not a mere 'implementation cost' or 'incidental byproduct of the scheme. *Kelly v. United States*, 140 S. Ct. 1565, 1573–74 (2020).") (some internal citations omitted, cleaned up); *Neder v. United States*, 527 U.S. 1, 20–21 (1999) (construing "scheme or artifice to defraud" identically for the mail, wire, and bank fraud statutes); U.S. CONST. amend. V; *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002) ("After an indictment has been returned and criminal proceedings are underway, the indictment's charges may not be broadened by amendment, either literal or constructive, except by the grand jury itself.").
.

# Exhibit P

## Revised Proposed Instruction 62: Elements of Mail Fraud

In Counts 11, 12, 13, 15, and 18, the government has charged five defendants with mail fraud, in violation of Section 1341 of Title 18 of the United States Code. The charges are detailed in this chart:

| Count | Defendant | Approximate Shipment Date | Mailed Items | Sender |
|---|---|---|---|---|
| 11 | Michael Iyerusalimets | 3/7/2016 | Counterfeit Samsung charger | Mobile Rack Co. |
| 12 | Anna Iyerusalimets Michael Iyerusalimets | 3/14/2016 | Counterfeit Apple iPhone and Samsung charger | Tradewestern 2016 |
| 13 | Timothy Babichenko Kristina Babichenko | 3/17/2016 | Counterfeit Samsung phone and battery | KayPop |
| 15 | Timothy Babichenko | 12/24/2017 | Counterfeit Apple iPhone | Ariginall |
| 18 | David Bibikov | 12/12/2017 | Counterfeit Apple iPhone | Bibby's Electronics |

In order for a defendant to be found guilty of mail fraud, the government must prove each of the following elements beyond a reasonable doubt as to that defendant:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, <u>that is by selling counterfeit goods which the defendant represented to be new and genuine</u>;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a <u>consumer</u> to part with money or property;

Third, the defendant acted with the intent to defraud <u>consumers</u>; that is, the intent to deceive and cheat <u>consumers</u>; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme, with all of you agreeing as to which good or goods the defendant mailed or caused to be mailed, and with all of you agreeing that good was or those goods were counterfeit.

A scheme to defraud must have a goal of depriving the alleged victim of property. If you conclude that a defendant only incidentally deprived an alleged victim of property while carrying out a scheme with some other goal, you must find that defendant not guilty.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

Each of the mail fraud charges allege that the good sold was "counterfeit." Therefore, to find a defendant guilty of mail fraud, you must conclude that the good sold was counterfeit because the defendant <u>knowingly</u> used a counterfeit mark on or in connection with the good.

A "counterfeit mark" is one that is "spurious," meaning it falsely suggests an erroneous origin of the good it is used on or connection with. To find that a mark is counterfeit, you must find beyond a reasonable doubt that:

(i) it was used in connection with the good named in the Count at issue;

(ii) it is identical with, or substantially indistinguishable from, a mark that was registered on the principal register in the United States Patent and Trademark Office and was in use by the trademark holder;

(iii) it is applied to or used in connection with the goods for which the mark is registered with the United States Patent and Trademark Office; and

(iv) its use is likely to cause confusion, to cause mistake, or to deceive regarding the origin of the good that it is used on or connection with.

"Counterfeit mark" does not include any mark used in connection with goods of which the manufacturer or producer was, at the time of the manufacture or production in question, authorized to use the mark for the type of goods or services so manufactured or produced, by the holder of the right to use such mark.

If you find that a Count involves what is otherwise a counterfeit mark used on or in connection with the repackaging of a genuine good, you must return a verdict of not guilty unless the government also proves beyond a reasonable doubt the defendant used the mark with the intent to deceive or confuse regarding the origin of the good.

*Authority*: Model Instruction 15.32, 6.27 and cmt. (explaining, "[w]hen a specific unanimity instruction is necessary, the Committee recommends including in the substantive instruction the phrase ' . . . with all of you agreeing [*as to the particular matter requiring unanimity*].'"); 18 U.S.C. § 1341; 18 U.S.C. § 2320(f)(1)(A) (definition of "counterfeit mark"); 18 U.S.C. § 2320(g) (repackaging genuine goods is not a crime); *United States v. Yates*, 16 F.4th 256, 264 (9th Cir. 2021) ("A scheme to defraud 'must be one to deceive the bank and deprive it of something of value,' that is, money or property. *Shaw v. United States*, 137 S. Ct. 462, 469 (2016). . . . And that property deprivation 'must play more than some bit part in a scheme'—the loss to the victim 'must

be an object of the fraud,' not a mere 'implementation cost' or 'incidental byproduct of the scheme. *Kelly v. United States*, 140 S. Ct. 1565, 1573–74 (2020).") (some internal citations omitted, cleaned up); *Neder v. United States*, 527 U.S. 1, 20–21 (1999) (construing "scheme or artifice to defraud" identically for the mail, wire, and bank fraud statutes); U.S. CONST. amend. V; *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002) ("After an indictment has been returned and criminal proceedings are underway, the indictment's charges may not be broadened by amendment, either literal or constructive, except by the grand jury itself.").

**Exhibit Q**

**Revised Proposed Instruction 63: Knowingly – Related to Wire and Mail Fraud**

Use this definition of "knowingly" when you evaluate and decide the wire and mail fraud charges alleged in Counts 2, 3, 4, 6, 9, 11, 12, 13, 15, 18.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his or her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly. <u>To find that a defendant acted knowingly, you must find that he himself or she herself had knowledge of the fact at issue. Knowledge by an alleged co-conspirator does not prove a defendant's personal knowledge.</u>

*Authority*: Model Instruction 4.8; *United States v. Piepgrass*, 425 F.2d 194, 199 (9th Cir. 1970) ("Intent to defraud may be inferred from one's knowledge that the scheme operated in a deceitful manner, but the latter knowledge must be possessed by each individual."); *Phillips v. United States*, 356 F.2d 297, 303 (9th Cir. 1965) ("[A] conspirator's intent to defraud may be inferred from the fact that he personally knew that the venture was operating deceitfully. But since it is the personal knowledge of the invidious fact which warrants such an inference, nothing less than personal knowledge of that fact will do to establish the fact even circumstantially. Thus so-called 'constructive' notice or knowledge of a circumstance, based upon the actual knowledge of a co-conspirator, agent of employee, has no tendency, circumstantially or otherwise, to prove criminal intent."); *Reisman v. United States*, 409 F.2d 789, 791 (9th Cir. 1969) (same); *United States v. Bakhshekooei*, 110 F.3d 70 (9th Cir. 1997) ("the district court properly gave . . . a limiting instruction" consistent with *Phillips*).

**Exhibit R**

**Proposed Instruction 72: Amazon Not a Victim**

      You have heard evidence that some of the defendants may have violated Amazon's internal rules or procedures. But Amazon is not alleged to be a victim of any scheme to defraud in this case, [4] and you are not to consider it as such.

*Authority*: U.S. CONST. amend. V; *United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014) ("[W]hen conduct necessary to satisfy an element of the offense is charged in the indictment and the government's proof at trial includes uncharged conduct that would satisfy the same element, we need some way of assuring that the jury convicted the defendant based solely on the conduct actually charged in the indictment."); *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002) (finding a fatal variance where "there was clearly a divergence between the misrepresentation specific in the indictment and the misrepresentation shown at trial").

Dated 10th day of July 2022.

                                                                             _____/s/_____
                                                                                 John C. DeFranco

---

[4] *See* Dkt. 210 at 4–5 (listing only Apple and Samsung as victims), 5 (alleging that the Defendants "engaged in a scheme to defraud consumers"), 6 (alleging that the Defendants "intended to defraud consumers").

CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2022 I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Christian S. Nafzger
Joshua D. Hurwit
Justin D. Whatcott
Assistant United States Attorneys
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov
Christian.Nafzger@usdoj.gov
Joshua.hurwit@usdoj.gov
Justin.whatcott@usdoj.gov

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com

Mike French
BARTLETT & FRENCH PLLP
1002 W. Franklin St.
Boise, Idaho 83702
mike@bartlettfrench.com
*Attorneys for Piotr Babichenko*

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com

Bradley Calbo
124 Main Avenue N., Suite 200
P.O. Box 83303-1233
balbo@magicvalleylegal.com
*Attorneys for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501

Boise, ID 83705
greg@idahoappeals.com

Jay J Kiiha
5700 East Franklin Road, Ste. 200
Nampa, Idaho 83687
jkiiha@whitepeterson.com
*Attorneys for Kristina Babichenko*

Robyn A. Fyffe
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com

Brian Pugh
Assistant Federal Public Defender
Las Vegas, Nevada
Brian_Pugh@fd.org
*Attorneys for David Bibikov*

Melissa Winberg
Nicole Owens
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
nicole_owens@fd.org
*Attorneys for Anna Iyerusalimets*

Ellen Nichole Smith
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com

Craig Durham
223 N. 6th Street, Suite 325
Boise, ID 83702
chd@fergusondurham.com
*Attorneys for Mikhail Iyerusalimets*

/s/ John DeFranco